## HUGHES v. ECKERSON ET AL.

1. **Injunction:** TO RESTRAIN NUISANCE: NOTICE. An injunction to restrain a nuisance can only be granted after notice to the party to be enjoined, and the error in granting such an injunction without notice is not waived by an appearance and motion to dissolve.

*Appeal from Greene District Court.*

THURSDAY, APRIL 7.

ACTION in equity. The relief sought was to restrain a nuisance. An injunction was granted, which the defendants moved to dissolve, and the same being overruled, they appeal.

*C. H. Jackson*, for appellants.

*McDuffie & Howard*, for appellee.

SEEVERS, J.—The injunction was issued without notice of the application therefor being given the defendants, and there are no allegations in the petition which would justify the

issuance of a temporary restraining order, if such could be done, on the ground that great or irreparable injury would be caused if notice of the application was given. It is provided by statute that " an injunction     *     *     *     to restrain a nuisance can only be granted upon reasonable notice of the time and place of the application to the party to be enjoined." Code, § 3391.

To the petition the defendants filed an answer supported by affidavits, and moved the court to dissolve the injunction on the grounds it was issued without notice of the application, and the allegations of the petition were fully denied in the answer. It is insisted the court had no jurisdiction over the subject-matter, or power to issue the injunction, without service of the notice contemplated by the statute. This question we do not deem it necessary to determine. That the injunction was erroneously issued we think there can be no doubt. This being so, the defendants had two courses to pursue; they could assume it was void for want of jurisdiction, and if arrested for contempt take their chances of its being so held, or move to dissolve. We do not believe they were bound to take the former, but might avail themselves of the latter, and thus have the error, which we assume was inadvertently committed, corrected.

The defendants had the right to notice, and reasonable time to present their objections to the allowance of the injunction. Not having this, it may well be presumed, inasmuch as the business in which they were engaged was stopped by the mandate of the court, that they have hastily, under the pressure of a necessity of so doing, not made as complete a showing for a dissolution of the injunction as they could have made if reasonable time had been given before it was issued; but whether this is so or not they have the right to appeal to the statute and say " such is the law," and no reasons are required to support it.

The appellee insists by filing an answer and moving to dissolve the appellants waived the point as to jurisdiction,

and also the error. It is fundamental that consent will not confer jurisdiction of the subject-matter, but, waiving this, we do not think the error was waived by asking the court at an early day to correct it.

REVERSED.