THE STATE v. DOUGLASS & HOPKINS *et al.*

1. **Saloon Nuisance:** TEMPORARY INJUNCTION WITHOUT NOTICE: PERMANENT INJUNCTION ON HEARING : APPEAL. Where on the final hearing the district court perpetually enjoins a saloon nuisance, and an appeal is taken from that decree, it will not be reversed for an error in granting a temporary injunction without notice to the defendants. (*Hughes v. Eckerson*, 55 Iowa, 641, *distinguished*).

2. ———: INJUNCTION : ACTION IN NAME OF STATE : ATTORNEY'S FEE. Under section 1, chapter 66, Laws of 1886, attorney's fees are taxable against the unsuccessful defendant in all cases brought to enjoin liquor nuisances, whether prosecuted in the name of the state by the county attorney, or in the name of a citizen of the county.

3. ———: ———: EVIDENCE AGAINST LESSORS OF BUILDING. In an action to enjoin the use of leased premises as a liquor nuisance, the nuisance was proved, and it appeared that the lessors knew that the building was fitted up with a bar and other appliances for the sale of drinks. *Held* that this was sufficient to justify a decree against them, in the absence of a showing that they in good faith leased the premises for lawful purposes.

*Appeal from Union District Court.*—HON. JOHN W. HARVEY, Judge.

FILED, OCTOBER 9, 1888.

THIS is an action in equity to enjoin and abate a saloon nuisance. The suit was commenced in the name of the state by the county attorney. There was a general denial on the part of the defendants, and upon a trial a decree was entered providing for the abatement of the alleged nuisance. Defendants appeal.

*D. W. Higbee* and *James W. McDill*, for appellants.

*A. W. Enoch*, County Attorney, and *Enoch & Winter*, for appellee.

ROTHROCK, J.—I. The first question presented in the case is the complaint made by defendants that the

**1. SALOON nuisance: temporary injunction without notice: permanent injunction on hearing: appeal.** court ordered a temporary injunction without notice to the defendants. It is claimed that the statute requires a notice of the application for the writ in all cases where an injunction is sought to enjoin the keeping of a nuisance. The temporary injunction was granted by the judge in vacation. The defendants answered, and filed a motion to dissolve the injunction, on the ground that it was ordered without notice. The motion was overruled on the twenty-ninth day of September, 1887, and upon the same day the trial was had upon the merits, and on the next day the perpetual injunction was ordered by final decree. We do not find it necessary to determine in this case whether a temporary injunction may be granted without notice in an action to enjoin the keeping of a saloon nuisance. As the trial was commenced immediately upon the overruling of the motion to dissolve, the defendants were not prejudiced by the ruling. The court found, upon a trial upon the merits, that the defendants should be enjoined ; and the temporary injunction deprived them of no legal right pending the trial. It appears from the abstract that an appeal was taken generally. It is not shown affirmatively that the defendants appealed from the order overruling the motion to dissolve the temporary injunction. In the case of *Hughes v. Eckerson*, 55 Iowa, 641, where we held that an injunction to restrain a nuisance can be granted only on notice to the party to be enjoined, the appeal was taken from an order overruling a motion to dissolve. It does not appear that any final decree was entered in that case. In the case at bar a trial upon the merits was had, and a perpetual injunction was granted. If the petition had been filed, demanding an injunction, and an original notice served, and the defendant answered, and a trial had upon the merits, the court would have been authorized to enter a permanent injunction without having granted a temporary writ. What we hold is that, where an appeal is taken from a final decree, it should not be

reversed because the court granted a temporary injunction without notice. If we were to reverse the ruling on the motion to dissolve, it would not affect the final decree, if it was rightfully granted.

II. It is claimed that the evidence did not establish the fact that the defendants Douglass & Hopkins, who were the lessees and keepers of the house in question, were guilty of keeping and maintaining a nuisance. We think otherwise. It appears to us that it was shown by a fair preponderance of the evidence that the said defendants kept a nuisance upon the property and in the building described in the petition, contrary to the statute in such cases provided.

III. It is further insisted that the court erred in allowing and taxing an attorney's fee for the attorneys who conducted the suit in the behalf of the plaintiff. The action was commenced and carried on by the county attorney. It is claimed that an attorney's fee can be taxed only when the action is by a private citizen of the county. We think, however, that, under section 1, chapter 66, Acts 1886, attorney's fees are taxable in all cases, whether prosecuted in the name of the state or in the name of a citizen of the county. We do not think the law is susceptible of any other fair construction.

2. ——: injunction: action in name of state: attorney's fee.

IV. It is claimed that the evidence did not authorize an injunction against the defendants Krauer & Hoffman, the owners and lessors of the buildings. It appears that they were and are residents of the city of Ottumwa. They relied upon a general denial of the averments of the petition. They did not, as in *Drake v. Kingsbaker*, 72 Iowa, 441, and *Shear v. Brinkman*, 72 Iowa, 698, make any showing that they acted in good faith in making the lease of their property. They were doubtless aware that the building was fitted up with a bar and other appliances for the sale of drinks. The evidence was, we think, sufficient to require them to show that they in good faith leased the business for lawful purposes.

3. ——: ——: evidence against lessors of building.

AFFIRMED.