Root v. Heil.

---

## Root v. Heil.

Appeal: waiver by accepting benefit of judgment. In actions to abate liquor nuisances, the plaintiff, if successful, is entitled to recover an attorney fee. Where such fee is allowed and it is paid to the plaintiff's attorney, the attorney acts for the plaintiff, and not in his own right, in receiving it, and the payment is in effect to the plaintiff; and after such payment plaintiff cannot maintain an appeal from the judgment, since a party cannot be allowed to accept the benefits of a judgment so far as favorable to him, and at the same time prosecute an appeal from other portions of it. (Compare *County of Buena Vista v. Railway Co.*, 55 Iowa, 157.)

*Appeal ·from Des Moines District Court.*—Hon. J. M. Casey, Judge.

Filed, October 12, 1889.

Action in equity, under the statute, to enjoin the manufacture, sale and keeping for sale of intoxicating liquors in certain premises described, and to abate the nuisance. Decree January 30, 1889, enjoining the defendant "from creating, establishing, keeping and maintaining a nuisance, to-wit, a place for the manufacture of intoxicating liquors as a beverage;" and judgment "that the plaintiff A. M. Root have and recover of the defendant Casper Heil the sum of

$83.85, his costs in this case, including the sum of seventy-five dollars as his attorney's fees in this cause;" from which judgment and decree plaintiff perfected his appeal, April 6, 1889.

*A. H. Stutsman,* for appellant.

*S. L. Glasgow,* for appellee.

GIVEN, C. J.—Appellee has filed in this court, under the provision of section 3213, Code, his verified answer, to which appellant has replied, and from which it appears that on the twelfth day of February, 1889, the appellee paid said judgment for costs in full, and that, on the same day, appellant's attorney, A. H. Stutsman, received and receipted for the attorney's fee of seventy-five dollars, and for one dollar copy fee, and twenty-five cents notary fee. Appellee's contention is that, by appellant's attorney accepting this money, the plaintiff's right to appeal was destroyed. It is very clear that, by accepting the amount of a judgment in his favor, the party waives all errors and right of appeal. *Railway Co. v. Byington,* 14 Iowa, 572; *Independent Dist. v. District Tp.,* 44 Iowa, 201. The plaintiff appeals on the grounds that the court erred in not finding that the defendant was keeping a place in which to sell intoxicating liquors in violation of law, and in not ordering the brewery building and saloon closed; and the seizure and sale of the movable property. He contends that the payment of the costs to parties entitled thereto does not destroy the right of appeal, and that in prosecuting this case he is acting solely as a representative of the public. The Code provides: "And, if successful in the action, the plaintiff shall be entitled to an attorney's fee of not less than twenty-five dollars, to be taxed and collected as costs against the defendant." Laws of 1886, ch. 66, sec. 1, ( McClain's Code, 1888, sec. 2385. The allowance is to the plaintiff, not to his attorney.) The judgment in this case was in favor of the plaintiff, and not his attorney.

This allowance is to the plaintiff individually, and not in a representative capacity. The attorney acted for the plaintiff, and not in his own right, in receiving the attorney's fee. The plaintiff only becomes entitled to the allowance when "successful in the action." If this appeal is entertained, it is possible that he may not ultimately be successful in the action, or may be allowed a different amount as attorney's fees. In *County of Buena Vista v. Railway Co.*, 55 Iowa, 157, the court sustained defendant's motion for a new trial, and " ordered a new trial upon the defendant's paying to plaintiff the sum of two hundred and fifty dollars as attorney's fees upon the first trial, and the costs of such trial. From this order the plaintiff thereupon immediately appealed to this court." On the same day the defendant brought into court the sums ordered to be paid, and the clerk paid to the attorney of plaintiff the sum of two hundred and fifty dollars, and took his receipt therefor. This court says : "The plaintiff cannot accept the benefits of the judgment so far as favorable to it, and at the same time prosecute an appeal from the judgment." We think this answers fully plaintiff's contention, and that the appeal should be

DISMISSED.