82  221
d109  352

82  221
132  214

C. W. FARR, Appellee, v. B. W. SEAWARD, JR., et al., Appellants.

1. **Liquor Nuisance :** INJUNCTION : ATTORNEY FEES : COUNTY ATTORNEY. A county attorney who commences and prosecutes to judgment proceedings for an injunction against one charged with keeping a nuisance, as provided by section 1543 of the Code, is entitled to receive the attorney fee taxed in such cause under the provisions of section 1 of chapter 66 of Acts of the Twenty-first General Assembly.

2. —— : —— : —— : —— : SALARY. The allowance of such fees to the county attorney is not inconsistent with the provisions of chapter 73 of the Acts of the Twenty-first General Assembly prohibiting the county attorney from receiving any fee or reward for services rendered in any prosecution to which it is his official duty to attend.

3. —— : —— : ——. Upon the receipt of such fees by the clerk they become payable to the person entitled thereto without the order of the board of supervisors.

*Appeal from Jackson District Court.*—HON. C. M. WATERMAN, Judge.

FRIDAY, FEBRUARY 6, 1891

THIS is an action at law against B. W. Seaward, Jr., clerk of the district court of Jackson county, and against the county and its board of supervisors and treasurer, to recover judgment for certain attorneys' fees which the plaintiff claims belong to him, and which it is alleged the said Seaward wrongfully paid over to the treasurer on the order of said board. There was a motion filed for a more specific statement of the cause of action, which was overruled. Afterwards demurrers to the petition were filed. The demurrers were overruled, and defendants electing to stand on their demurrers, a judgment was rendered against said B. W. Seaward, Jr., and against Jackson county, from which they appeal.—*Affirmed*.

*G. L. Johnson* and *J. Hilsinger*, for appellants.

*L. A. Ellis* and *Murray & Farr*, for appellee.

ROTHROCK, J.—I. It appears from the averments of the petition that the plaintiff was county attorney of Jackson county, and that he commenced and prosecuted to decree a number of injunction suits against the keepers of saloons. The court, in entering the decree, taxed an attorney's fee of forty dollars in each case. These fees were paid by the defendants to B. W. Seaward, Jr., clerk, the same as the other costs. The plaintiff demanded the payment of the attorneys' fees by the clerk to him. Seaward refused to make payment. The board of supervisors ordered Seaward to pay the attorneys' fees to the treasurer of the county, and he obeyed that order.

1. LIQUOR nuisance: injunction: attorney fees: county attorney.

The only real question presented by the petition and the demurrers is, was the plaintiff entitled to the attorneys' fees? It was held in the case of *State v. Douglas*, 75 Iowa, 432, that under section 1 of chapter 66 of the Acts of 1886, an attorney's fee is taxable in

all of this class of actions, whether the same be instituted and carried on by the county attorney in the name of the state or by a private individual. · We have no disposition to disturb the ruling in that case. The statute will bear no other construction. It was held in *Root v. Heil*, 78 Iowa, 436, that a payment of the attorney's fee to the attorney of the plaintiff was equivalent to a payment to the plaintiff. There is some of the reasoning of that opinion which would seem to hold that the attorney's fee is an allowance to the plaintiff in the action individually, but it is not therein determined that the fee is not for the benefit of the attorney. It is plain that the attorney is the real party in interest so far as the right to the fee is involved. All that was decided in the last-cited case was that, if the attorney draws the fees, it has the same effect, so far as the right to maintain an appeal is involved, as though the fee were paid to the plaintiff.

II. It is urged that a county attorney cannot be allowed fees, because his compensation for services as county attorney is limited and fixed by other provisions of the statute. It would be an anomalous proceeding to allow attorneys' fees in an action, and at the same time deny the attorney the right to receive the fees when paid to the clerk. The claim is that the section of the statute is limited and controlled by chapter 73 of the Acts of 1886. It is provided in section 6 of that act that "no county attorney shall receive any fee or reward from or on behalf of any prosecutor or other individual for services in any prosecution or business to which it shall be his official duty to attend, nor be concerned as an attorney or counsel for a party other than for the state or county in any civil or criminal action pending or arising in his county upon the same facts upon which any criminal action or civil action wherein the state or county was a party has been by such attorney commenced or prosecuted." This section does not create a limitation upon the compensation to be paid county attorneys. It is a provision by which he is prohibited from receiving fees from private

persons as an inducement to do his duty in the prosecution of criminal cases or other duties pertaining to his office. Section 11 of that act requires the board of supervisors to fix the salary of the county attorney to be paid by the county. This act was passed at the same session of the general assembly as the act allowing attorneys' fees in liquor injunction suits, and they must be construed together, and, when so construed, we discover no reason why the attorneys' fees cannot be legally taxed and collected. There is no real repugnancy between the acts.

III. It is said that the demurrer of the county should have been sustained because the plaintiff did not present his claim to the board of supervisors before commencing the action, as required by section 2610 of the Code. That section requires unliquidated demands to be presented to the supervisors of the county. In this case the demand was not unliquidated. It was a certain sum of money which the clerk of the district court paid to the county wrongfully. He should have paid it to the plaintiff. There is no provision of law requiring him to pay it to the county. It was not unclaimed fees, and there was no auditing or ascertainment of amounts necessary on the part of the board of supervisors.

The judgment of the district court is AFFIRMED.