NEWMAN & BLAKE, Appellants, v. DES MOINES COUNTY,
Appellee.

Intoxicating Liquors: NUISANCE: INJUNCTION: ATTORNEY FEES: LIA-
BILITY OF COUNTY. Under the provisions of section 2 of chapter 73 of
laws of the twenty-second general assembly and section 3790 of the
Code, a county is liable for attorney fees allowed by law for the suc-
cessful prosecution of an action to enjoin a liquor nuisance, when the
same cannot be collected of the defendant on execution.

*Appeal from Des Moines District Court*—HON. CHARLES
H. PHELPS, Judge.

FRIDAY, MAY 13, 1892.

THIS is an action to recover certain costs which
accrued in actions to enjoin the sale of intoxicating

liquors. The cause was tried to the court without a jury, and a judgment was rendered for the defendant. for costs. The plaintiffs appeal.—*Reversed.*

*Newman & Blake, pro se.*

*Geo. S. Tracy,* county attorney, for appellee.

ROTHROCK, J.—I. The records show that the plaintiffs were attorneys in certain actions for injunction against the keepers of saloons in the county of Des Moines. The suits were not prosecuted by the county attorney, but in the name of a citizen of the county as plaintiff. All of the prosecutions were successful, and decrees were entered against the defendants therein. In each case, there was taxed as costs' an attorney's fee of from twenty-five to thirty-five dollars to the plaintiffs and against the defendants in the actions. Executions were issued upon the judgments for costs, and, the defendants in execution being insolvent, the costs could not be collected from them. The plaintiffs thereupon presented their claims for said fees to the board of supervisors of the county for allowance and payment, and the said claims were rejected.

The appellee makes objections to the abstract of the case as prepared and filed by the appellants. These objections require no consideration. It appears from an amended abstract filed by the appellants that the appeal was properly taken, and must be determined on its merits.

II. The sole question in the case is whether, under the facts above stated, the defendant is liable for the fees claimed. There can be no question that the fees. 

1. INTOXICATING liquors: nuisance: injunction: attorney fees: liability of county.

were properly taxed. It is expressly provided in section 1, chapter 66 of laws of the twenty–first general assembly, that in actions in equity to abate the unlawful sale of intoxicating liquors, if the plaintiff be successful, he shall be entitled to "an attorney's fee of not less than

twenty-five dollars, and to be taxed and collected as costs against the defendant.'' The costs in controversy were therefore rightfully and properly taxed. Section 2, chapter 73 of laws of the twenty-second general assembly, provides that in any such action, brought by a citizen of the county, ''the costs in case of failure of the prosecution, or inability to collect the same from the defendant, shall be paid in the same manner as provided by law for the payment of fees in the case of criminal prosecutions.'' Section 3790 of the Code is as follows: ''In all criminal cases where the prosecution fails, or where the money cannot be made from the person liable to pay the same, the facts being certified by the clerk or justice as far as their knowledge extends, and verified by the affidavit of the sheriff, the fees allowed by laws in such cases shall be audited and paid out of the county treasury.'' It has been held under this section that the costs of printing the abstract and argument of a defendant convicted of a crime, on his appeal to this court, cannot be taxed to the county, and that the sheriff only is entitled to costs from the county. Section 3781 provides that where the state fails in a criminal case the fees of the clerk of the district court ''shall be paid by the county;'' and in criminal cases before justices of the peace, when the prosecution fails, or where the fees cannot be made from the person liable to pay the same, the fees of the justice and constable shall be audited and paid out of the county treasury. Code, section 3806. And by section 3814 witnesses in criminal cases are to be paid by the county where the defendant is adjudged not guilty. Construing these statutes with the requirement of section 2, chapter 73 of laws of the twenty-second general assembly, there ought not to be any doubt that the fees in controversy should be paid by the county. These fees are expressly required to be paid ''in the same manner as provided by law for the payment of fees in the case

of criminal prosecutions.'' The provision as to the manner of payment expressly refers to the law relating to the payment of fees in criminal cases, and it is only necessary to refer to the sections above quoted, providing for the payment of costs in criminal cases, to demonstrate that the county is liable for the fees now in controversy.

III. It is claimed by counsel for the defendant that it is not intended that the attorney's fee should be taxed as costs, or collected of any one but the defendant in the action. This position is, in our opinion, fully answered by the language of the statute. It plainly provides that the attorney's fees shall be taxed as costs against the defendant, and that the costs shall be paid in the same manner as in criminal cases.

IV. As a further objection to the maintenance of the action, it is claimed that the record does not show that the plaintiffs were appointed in the injunction suits as attorneys to prosecute the action. This was not necessary. The law does not limit the right to prosecute to the county attorney; and we have held that attorney's fees are taxable under section 1, chapter 66 of the Acts of 1886, whether the suits are prosecuted in the name of the state or in the name of a citizen of the county. *State v. Douglas*, 75 Iowa, 432.

We discover no other question in the case which demands consideration. The judgment of the district court is REVERSED.