JACOB SIMS, Appellant, v. POTTAWATTAMIE COUNTY.

**Contempt of Liquor Injunction: Attorney Fee.** A county is not liable for the ten per cent of fine assessed in a contempt case, and which is allowed the attorney prosecuting by section 5 of chapter 73, Acts, Twenty-second General Assembly. Newman v. County, 85 Iowa, 89, distinguished.

*Appeal from Pottawattamie District Court.*—HON. WALTER I. SMITH, Judge.

FRIDAY, MAY 25, 1894.

ACTION at law to recover attorney's fees of the defendant for legal services rendered in prosecuting certain proceedings for contempt for the violation of injunctions restraining the keeping of nuisances by the sale of intoxicating liquors. There was a demurrer to the petition, which was sustained, and the plaintiff appeals.—*Affirmed.*

*Sims & Bainbridge* for appellant.

*J. P. Organ* for appellee.

ROTHROCK, J.—It is unnecessary to set out the averments of the petition, or the grounds of the demurrer. There is but a single question involved in this case. It is as follows: Where an attorney commences an action to enjoin the keeping of a liquor nuisance, and prosecutes it to decree, and afterward prosecutes the keeper of the nuisance for contempt for violation of the injunction, and a fine is assessed against the keeper, is the county liable to the attorney for services in the contempt proceedings? The statute upon which the claim is based is section 5, chapter 73, Acts, Twenty-second, General Assembly, which is in these words: "In all cases of proceedings against

persons charged with contempt for violating any injunctions, either temporary or permanent, issued or decreed, under said chapter 143 of the Acts of the Twentieth General Assembly or chapter 66, Acts of the Twenty-First General Assembly, or under this act, the court shall order that the attorney prosecuting or conducting such proceedings against the person so charged, shall be allowed ten per cent of the amount of the fine assessed against such person, if a fine be assessed against him. And the clerk of the court, when such fine is paid, shall pay over to such attorney the amount thus allowed him." It appears to us that the plaintiff's contention can not be sustained by any fair and reasonable construction of the law. It plainly provides that the attorney is "allowed ten per cent of the fine assessed," and that, *"when such fine is paid,"* the clerk shall pay over to the attorney the amount thus allowed him. This section of the statute is different in its scope and meaning from the provision of the law in reference to attorney's fees for procuring the injunction. It was held in *Newman v. Des Moines Co.*, 85 Iowa, 89, 52 N. W. Rep. 105, that the county was liable for the fee authorized to be taxed as costs in the suit for injunction. But the statute upon which that decision is based is very different from the law which allows an attorney to receive a per cent on fines which may come into the hands of the clerk of the court. The argument that there is an implied obligation on the part of the county to make payment, and the statement made by counsel for appellant that boards of supervisors audit and pay fees from the county treasury for which there is no warrant in the statutes of the state, can not be considered here. It ought to be well understood that where the law does not authorize or require payment to be made by the county, no action will lie therefor. The judgment of the district court is AFFIRMED.