THOMAS F. BARBEE v. AULTMAN, MILLER & COMPANY, Appellants.

**Statutory Attorney Fees:** INTEREST OF ATTORNEY IN. Prior to Act Eighteenth General Assembly, chapter 185, plaintiff's attorney had no interest in a judgment in favor of his client for attorney fees specially contracted for, in the absence of an agreement to that effect.

CONTRACTS BY CORPORATIONS.   An agreement by one who turns over to an attorney certain judgments in favor of a corporation for collection, that the attorney shall have one-half the amount collected, binds the corporation.

*Appeal   from   Carroll   District   Court.*— HON.   S.   M. ELWOOD, Judge.

TUESDAY, MAY 18, 1897.

ACTION at law to recover attorney's fees taxed in a certain judgment obtained by the defendant and

collected by it.   Plaintiff claimed to be the owner of
these fees by virtue of an assignment thereof to him
from O. H. Manning.   The defendant denied the plain-
tiff's claim, and further pleaded a settlement with
plaintiff.   Defendant also pleaded a counter-claim
against plaintiff for money unaccounted for.   In reply,
plaintiff pleaded the statute of limitations against the
counter-claim, to which defendant responded by say-
ing that plaintiff fraudulently concealed the collection
of the money until the year 1892, and that the statute
did not begin to run until it discovered the facts, which
was during the year last mentioned.   On these issues
the case was tried to the court, a jury being waived,
resulting in a judgment for plaintiff, and defendant
appeals.—*Reversed.*

*J. P. Conner* for appellant.

*F. M. Davenport* for appellee.

Deemer, J.—In September, 1875, and January,
1876, the defendant  recovered judgments in the cir-
cuit court of Carroll county against one C. Karges, in
each of which an attorney's fee of fifteen dollars was
taxed.   O. H. Manning was appellant's attorney of
record in these cases.   These judgments were appar-
ently satisfied by an entry made on the judgment
docket in each case on March 4, 1890, as follows:
"Received from C. Karges payment and satisfaction in
full of this judgment and costs.   Aultman, Miller &
Co., by Warren Gammon, Their Attorney."   It is the
attorney's fees, so taxed, with interest, that plaintiff
seeks to recover from the defendant under a claim
that he received an assignment thereof from O. H.
Manning.
    I.   Appellant's first contention is, that there is no
evidence that Manning was ever the owner of the

fees, no evidence that he ever assigned them to the plaintiff, no evidence that Gammon was the attorney for defendant, or had authority to satisfy the judgment, and no evidence that he did satisfy the judgments for attorney's fees. It is also insisted, that defendant is not liable, in any event, until demand is made upon it; and, as this was not done, that no recovery can be had. Further, the defendant insists that the court erred in not finding a settlement between the parties of the matters in dispute. O. H. Manning was originally the defendant's attorney at the city of Carroll. He was succeeded by a Mr. Macomber, and he in turn by appellee. After appellee became attorney for appellant, it placed in his hands for collection the judgments in suit. He failed to collect them, however. In April of the year 1887, a settlement was had between these parties, and the following receipt was given the appellee: "In consideration of the sum of one dollar, to me paid by Aultman, Miller & Co., the receipt whereof is hereby acknowledged by me, I hereby relinquish any and all claims I may have against Aultman, Miller & Co., and this receipt is a settlement in full and balances all accounts between Aultman, Miller & Co. and Thos. F. Barbee. [Signed] Thos. F. Barbee, Geo. W. Bowen, Attorneys for Defts." In the year 1882, plaintiff collected from one Bridenbach, a judgment, for the sum of one hundred and fifty dollars, owned by the defendant, and remitted one-half thereof, keeping the other half for his compensation. The appellant says, that at this time plaintiff was employed under a contract, by which he was to receive ten per cent. on claims collected without suit, and that he was not entitled to more than ten per cent. for collecting this judgment. To this, plaintiff responds by saying that he collected this particular judgment under a special arrangement with one of

appellant's agents, by which he was to receive one-half the amount collected, and he further pleads the statute of limitations, as before stated.

We turn now to the reasons relied upon by appellant for a reversal. At the time the judgments were rendered against Karges, attorney's fees were allowed on contracts specially providing for them as liquidated damages, and were either entered in the judgment or taxed as costs, according as the contracts provided. *McGill v. Griffin*, 32 Iowa, 446; *Williams v. Meeker*, 29 Iowa, 292; *McIntire v. Cagley*, 37 Iowa, 676; *Musser v. Crum*, 48 Iowa, 52. In any event, the recovery was by plaintiff, and on the theory that such expense as he was put to by the defendant's failure to perform his obligation was a proper subject to be contracted against. The attorney could not recover on such contract, for he was not in privity thereto. Again, the plaintiff was not obliged to prove the amount he had paid or had agreed to pay his attorney, for the recovery was without reference to this. The judgment being in favor of the plaintiff in the case, he had the right to satisfy the same, and, if the attorney collected it, he was responsible to his client for the amount collected. See *Root v. Heil*, 78 Iowa, 436 (43 N. W. Rep. 278); *Buena Vista County v. Iowa Falls & S. C. R. Co.*, 55 Iowa, 157 (7 N. W. Rep. 474); Daniel, Neg. Inst. (4th Ed.), section 62a, and cases cited. Whether the plaintiff had a contract with his attorney for more or less than was recovered on the note was entirely immaterial, and whether the attorney was paid for his services was also regarded as unimportant. See cases first above cited. The judgment for fees was not held in trust for the attorney, for, in the absence of a contract between himself and his client, he had no interest in the amount recovered. The Eighteenth General Assembly passed what is known as "chapter 185," to remedy

the mischiefs which grew up under these holdings. See McClain's Code, sections 4159–4162.

The fees were not taxed in favor of Manning, and we are unable to tell from the record whether they were taxed as part of the costs, or simply included in the judgment. But the ultimate fact we do not regard as very material, for in neither event would the judgments show that Manning had not been paid for his services before they were rendered. Moreover, the undisputed evidence shows that the appellant had a full settlement with Manning for all claims held by him at the time it appointed Macomber as its attorney in his place. There is nothing in this record showing that Manning was entitled to the attorney's fees included in the judgments against Karges; and in the absence of such evidence plaintiff is not entitled to recover on his assignment. This conclusion relieves us from the necessity of considering the other points relied upon by appellant as a ground for the reversal of the judgment rendered in plaintiff's favor.

With respect to the counter-claim, the collection of the Bridenbach judgment is admitted by the appellee. But he claims that he held it under special arrangement made with appellant's agent, and not under the written contract. There was evidence tending to establish this claim, and the court below evidently found in favor of the appellee on this issue. It is insisted, however, that the party who made the arrangement claimed by plaintiff was not known to the defendant. However this may be, plaintiff testified that he made the contract with the person who turned over the judgments, as well as certain notes, to him; and, if this be true, defendant was bound by the agreement. Again, there was evidence to the effect that the written contract between the parties did not cover what were known as "old judgments," and that the Bridenbach judgment belonged to this class.

Complaint is made of certain rulings on the admission and rejection of evidence. As these rulings all relate to certain proposed evidence sought to be introduced for the purpose of meeting the plaintiff's plea of the statute of limitations, it is not essential that we consider the errors assigned thereon, for the reason that the lower court may well have found that defendant had no claim against the plaintiff, or, if it did have, that the same was settled at the time of the adjustment of accounts in April, 1887. We may observe in passing, however, that, if it be conceded that the court was in error, yet appellant suffered no prejudice, for the reason that it was permitted to prove substantially the same facts as it offered to establish by the questions to which objections were sustained. The judgment of the district court is of the same effect as the verdict of a jury, and it is not so wanting in support as to justify us in interfering. For error in allowing plaintiff's claim in the absence of proof that the fees belonged to Manning, the judgment is REVERSED.