FRED SCHNITKER v. HENRY SCHNITKER, Appellant.

**Taxed Attorney Fee:** WHO IS OWNER OF: *Attorney and client.* Under Code, section 3887, providing that if an attachment was wrongfully sued out, and there was no reasonable cause to believe the ground on which it was issued to be true, defendant may recover the actual damages sustained and reasonable attorney's fees, to be taxed by the court, it is the defendant who recovers such attorney's fees, and the attorney cannot recover them in an independent suit.

**Recovery by Defendant:** SET OFF OF MUTUAL JUDGMENTS: Where
judgment for attorney's fees is in favor of defendant, plaintiff has
the right to set off a judgment obtained by him against defendant,
2 under Code, section 4040, which provides that mutual judgments,
executions from which are in the hands of the same officer, may
be set off one against the other, except the costs, but, if the
amount collected on the larger judgment is sufficient to pay the
costs of both, such costs shall be paid therefrom.

**Appeal:** PARTS TO RECORD: *Attorney and client.* Where a motion is
made by defendant's attorney in his own name to strike a motion
to quash a fee bill issued against the property of plaintiff to satisfy
1 attorney's fees and costs taxed against plaintiff, and the appeal
from the rulings on such motion is taken by defendant and not
by his attorney, the appeal will be dismissed.

*Appel from Allamakee District Court.*—HON. L. E. FEL-
LOWS, Judge.

TUESDAY, OCTOBER 17, 1899.

THIS is an action on a promissory note aided by
attachment. The defendant admitted the execution of the
note, and filed a counterclaim for damages on the attachment
bond growing out of the alleged wrongful issuance of the writ.
The jury found the writ was wrongfully, but not maliciously,
sued out, and returned a verdict for plaintiff for an amount
less than the full face of the note, with interest. After the
verdict was returned, the following entry was made of
record: "By agreement, plaintiff has judgment for $38, attor-
ney's fees, and all costs, except $100. Defendant, Henry
Schnitker, by agreement, has judgment against plaintiff for
$100 costs and $125 attorney's fees." On demand of defend-
ant's attorney, a fee bill was issued by the clerk commanding
the sheriff to levy on sufficient property of the plaintiff to
satisfy the attorney's fees and costs taxed against the plain-
tiff. Plaintiff thereupon filed a motion to quash the fee bill.
Defendant's attorney filed a motion in his own name to strike
the motion to quash, for the reason no copy of the same was
filed, as required by section 3558 of the Code. The motion
to strike was overruled, and the motion to quash was sus-
tained, and defendant appeals. *Appeal dismissed.*

*Douglass Deremore* for appellant.

*J. H. Trewin* and *Wm. S. Hart* for appellee.

DEEMER, J.—The grounds of the motion to quash were that plaintiff had already paid two hundred and sixty dollars of the costs taxed in the action, and that he held a judgment against the defendant for more than six hundred dollars, which was unpaid, and that he had notified the sheriff, who then held an execution against the defendant for the collection of plaintiff's judgment, to apply the defendant's judgment for attorney's fees upon the execution and judgmen held by him against the defendant. It is evident that we cannot consider the ruling on the motion to strike. That motion was not made by the defendant, but. by his attorney, in his own person. The attorney has not appealed; hence there is nothing to consider.

Appellee has filed a motion to dismiss the appeal based upon the grounds (1) that the record shows that the judgment was in favor of Henry Schnitker, and not in favor of his attorney; (2) that the appellant did not issue the fee bill, and had no interest therein; (3) that, no matter what the ruling on the motion to quash, appellant is not and cannot be prejudiced thereby; and (4) that defendant's attorney is the only party in interest, and that he has not appealed from the ruling on the motion. This motion is well taken. If the judgment for attorney's fees is in favor of defendant, then plaintiff has the right to set off his judgment against it. See Code, section 4040, which provides, in substance, that mutual judgments, executions from which are in the hands of the same officer, may be set off, the one against the other, except the costs; but, if the amount collected on the larger judgment is sufficient to pay the cost of both, such costs shall be paid therefrom. If the judgment for the attorney's fees was in favor of defendant's attorney, and he caused the bill to be issued, as the evidence shows he did, then he is the only party who may complain

of the ruling. As he did not appeal, there is nothing to consider. No complaint is made of the ruling so far as the other costs are concerned, but, if there had been, there would be no merit in such complaint, for the reason that the statute to which we have referred clearly authorizes the proceedings adopted in this case. In no event would defendant be prejudiced by the order made. The order setting off his judgment for attorney's fees against plaintiff's judgment discharged that much of his indebtedness to plaintiff, and he has that much more with which to pay his attorney. We are of the opinion, however, that there was no error in the ruling. Code, section 3887, provides that if the attachment is wrongfully sued out, and there was no reasonable cause to believe the ground upon which the same was issued to be true, the defendant may recover "the actual damages sustained, and reasonable attorney's fees, to be taxed by the court." It is the defendant in attachment who recovers the fees, and they are to be taxed in his favor by the court. The attorney cannot recover these fees in an independent suit, for he is not in privity with the parties. As the judgment is in favor of defendant in attachment, he has the right to satisfy the same, and, if the attorney collects it, he is responsible to his client. *Barbee v. Aultman, Miller & Co.,* 102 Iowa, 281; *Root v. Heil,* 78 Iowa, 436; *Buena Vista County v. Iowa Falls & S. C. R. Co.,* 55 Iowa, 157. That the fees are taxed as costs is not controlling. The important consideration is, in whose favor are they taxed, and who may recover the amount thereof? The questions are fully answered by the authorities cited. The cases of *Mercantile Co. v. Chandler,* 90 Iowa, 650, and *Farr v. Seaward,* 82 Iowa, 221, are not in point. The principle as announced in *Root v. Heil, supra,* is decisive of the case; for it is there held that the judgment, although for costs, is for the party to the suit in his individual, not representative, capacity. See, as sustaining our conclusions, *Otcheck v. Hostetler,* 77 Iowa, 508. The appeal is DISMISSED.