JOHN PLANK, Appellant, v. BARBARA HERTHA, and certain premises in Quasqueton, Iowa, Appellee.

**Intoxicating liquors:** NUISANCE: ATTORNEY'S FEES. Upon the successful prosecution of a liquor nuisance by a private citizen the court is required by statute to tax an attorney's fee for plaintiff's attorney.

**Same.** Where a private person consents to the use of his name as
2  the prosecutor of a liquor nuisance and appears and gives testi-
mony against the defendant, there is such a recognition of the
proceeding on his part as to entitle him to have an attorney's
fee taxed, although he states that he did not employ the attor-
ney or become responsible to him for his fees; and the fee
may be taxed though the attorney has been compensated by
other parties.

*Appeal from Buchanan District Court.—* HON. A. S.
BLAIR, Judge.

WEDNESDAY, NOVEMBER 14, 1906.

SUIT in equity to enjoin a liquor nuisance. The trial
court granted a decree, as asked, but refused to tax an at-
torney's fee for plaintiff's attorney. Plaintiff appeals.
*—Reversed* and *remanded.*

*E. R. Acres,* for appellant.

No appearance for appellee.

DEEMER, J.— The action is by a private citizen to en-
join a liquor nuisance, under section 2406 of the Code.
Decree was rendered as prayed, and order of abatement

1. INTOXICATING
LIQUORS: nui-
sance: attor-
ney's fees.

made, but the court refused to tax attorney's
fee for plaintiff's attorney. The latter part
of section 2406 reads as follows: " If plain-
tiff is successful in the action an attorney's fee of $25.00
shall be taxed as costs in his favor." These costs may be
taxed whether the action is instituted in the name of the
State of by a private individual. *Farr v. Seaward,* 82
Iowa, 221. Section 2429 of the Code also provides for the
taxation of attorney's fees in an action of this character;
the statute reading that the court shall allow the attorney
prosecuting the case a reasonable sum for his services. We
need not determine which of these statutes is applicable, for
under either plaintiff was entitled to have an attorney's fee
taxed.

While we have no argument for appellee, it would seem that the court refused to tax the fee, either because the attorney who appeared was not plaintiff's attorney, or because he was paid for his services by some- one else. It is true that plaintiff said he did not employ the attorney who was ostensibly appearing for him, and did not become responsible to him in any manner; but it also appears that he consented to the prosecution of the suit in his name, and that when called as a witness he stated that he was the plaintiff, and gave testimony against the defendant. Under such circumstances, plaintiff would be estopped to deny that Acres was his attorney. At any rate, there was such recognition of his appearance and such adoption of the proceedings by plaintiff as that he was en- titled to have an attorney's fee taxed.

2. SAME.

As to the other proposition, there is no testimony that the attorney had received, or was expecting to receive, any other compensation for his services in this case than that allowed by law. Even if he were paid by others, plaintiff would nevertheless be entitled to have the statutory fees taxed as costs.

An attorney's fees of $25 should have been taxed as part of the costs, in accord with the statutory provisions. Plaintiff also asks us to tax an attorney's fee in this court for services rendered on the appeal, but this we cannot do. There is no statute providing for a fee upon an appeal to have fees taxed in the lower court. Plaintiff secured his decree of injunction in the lower court. His appeal is from an order refusing to tax attorney's fees as costs. Upon that appeal no attorney's fees can be taxed.

The trial court was in error in refusing to tax attor- ney's fees, and the cause is remanded for a decree in har- mony with this opinion.

*Reversed* and *remanded*.