GEORGE COOKE, Appellee, v. T. F. HARRINGTON, Appellant.

No. 44858.

OCTOBER 17, 1939.

REHEARING DENIED FEBRUARY 16, 1940.

Gill & Gill, for appellee.

S. D. Crary and Gerald F. Harrington, for appellant.

SAGER, J.—Prior to August 1, 1936, defendant was the owner of certain real estate in Plymouth county. In November, 1935, plaintiff secured a judgment against defendant in Woodbury county, which was later transcripted to Plymouth county. Execution was issued and the land was bought at sheriff's sale, by appellee. On the 25th day of July, 1936, the parties entered into what they termed a "memorandum of settlement." This, after reciting the facts just set out with reference to the judgment (and other matters not important here), provided that the defendant-appellant should deed the real estate to plaintiff in consideration of latter's undertaking to release and satisfy the judgment.

The contract further provided that at the time of · the delivery of the deed, defendant would assign a lease for the year ending March 1, 1937, and that he would "also sell, assign and transfer unto first party (plaintiff-appellee), the amount due from the tenant on said real estate to said second party (defendant-appellant), being all rentals for the year ending March 1, 1936, in the approximate amount of one hundred twenty-five ($125) Dollars." The settlement provided that the effective date of closing the contemplated transaction was to be more than 4 months hence, to avoid possible bankruptcy proceedings.

After that contingency was passed, plaintiff was, by the terms of the agreement, to satisfy the judgment against the defendant both in Woodbury and Plymouth counties. The lease for the year ending March 1, 1937, provided for rental of a share of crops and a cash payment for uncultivated lands. On the back of this lease appears an endorsement by which appellant assigned to plaintiff "the lease between same parties, covering the same land for the year ending March 1, 1936, on which there is a balance of $125.00 due." A deed from defendant and wife to the plaintiff was signed on the first day of August, 1936, and recorded on the 27th day of August of the same year.

At the trial a stipulation was entered into recognizing and admitting the written instruments to which reference has been made. It was further agreed by said stipulation that "all of the items comprising the judgment (which was the subject of the contract) were satisfied and paid by the plaintiff excepting

an item of $173.42, attorney fees, and $26.07 other costs, the items of which appear in the Clerk's office * * * ."

It is plaintiff's failure to release and satisfy the judgment as to these items which formed the basis of defendant's counter-claim, which, as has been seen, was rejected by the trial court. Plaintiff's claim for the conservation payment arises in this wise: During the year 1936, appellant, being still the owner of the land, made an arrangement under the agricultural conservation program under which there was paid to him on April 1, 1937, $222.16, and on August 19, 1937, $27.29. Plaintiff seeks to recover in this action these sums, claiming that they were assigned to him under the instruments above referred to. The trial court accepted this contention and entered a judgment against the defendant for the amount claimed with interest and costs. Defendant appeals to this court, asserting that the court below was in error in deciding that appellee was entitled to these payments. We think the appellant is right.

Appellee had no interest in this land other than his sheriff's certificate before the contract of July 25, 1936. The rules governing the 1936 conservation program provided, among others things:

"Section 11. *Determination of Person to Whom Payment will be made*:

"Except as may hereafter be provided, for the purposes of the 1936 Agricultural Conservation Program in the North Central Region, a person will not be regarded as the owner or operator of a farm unless such person owned or operated such farm, as the case may be, on June 30, 1936, and has been such owner or operator for a period of at least 60 consecutive days, which period must include June 30, 1936."

Appellee's claim must find support in the instruments to which reference has been made, but the assignment of the 1936 lease had to do only with a balance of rental amount to $125 or, in the language of the memorandum, appellant undertook to "sell, assign and transfer unto first party, the amount due from the tenant * * * being all rentals for the year ending March 1, 1936, in the approximate amount of one hundred twenty-five ($125) Dollars." Appellee is in the position of claiming conservation money under a contract which pro-

vided only for the payment of *rent* in the approximate amount of $125, that he was acquiring this amount as due from *the tenant,* and that the Agricultural Department should have paid him moneys accruing to the defendant before plaintiff had anything to say about conservation contracts. The record satisfies us that the conservation money was not in contemplation of the parties. By no stretch of construction could the United States Department of Agriculture be called a tenant, nor payments under that program be denominated rent. The construction that appellee was *not* entitled to this money was placed upon the situation by a representative of the Agriculture Department in a letter appearing in the abstract. This is objected to, but we are not required to pass on its competency. The decree below should have been for the defendant on this issue.

We turn to appellant's counterclaim. We hold that the court should have sustained the defendant in this also, and compelled appellee to release judgment which plaintiff held against him both in Plymouth and Woodbury counties, as he agreed to do, or have compelled plaintiff to deposit with the clerk of the district court sufficient money to take care of attorney fees and costs included therein. Appellee undertook "to release and satisfy the said *judgment.*" (Italics inserted.)

Appellee's contention is that defendant is not entitled to relief "for the reason that the attorney fees and costs are not within the terms of the agreement, Exhibit '1', and are not the property of the defendant or the plaintiff, for that the defendant is not entitled to the attorney fees and costs on the judgment referred to in the settlement and agreement, Exhibit '1'." Appellee does not, in terms at least, argue that attorney fees are not a part of the judgment, but says:

"Neither the plaintiff, nor the defendant, could sell or assign to anyone the attorney fees and court costs, which they have not paid or own. Neither one of these parties has a cause of action against the other for attorney fees or court costs."

Assuming this statement to be correct, we are at a loss to see how it can help the plaintiff. The defendant was primarily liable for attorney fees and costs under this judgment. He contracted with appellee for a release of the judgment and

plaintiff received and retained the price appellant paid for such release. We see no reason why appellee should not do as he agreed, and the court was in error in not compelling him to do so. We have examined the authorities cited by the parties and find none which sustain plaintiff. As generally bearing on the subject, see: Schnitker v. Schnitker, 109 Iowa 349, 80 N. W. 403; 17 C. J. 381, Title "Crops", section 6; Bates v. Nichols, 223 Iowa 878, 274 N. W. 32.

The cause is remanded with instructions, the decree to be entered in accordance herewith.—Reversed and remanded with instructions.

MILLER, HAMILTON, HALE, BLISS, and RICHARDS, JJ., concur.