Wetmore v. Harper et al.

WETMORE v. HARPER ET AL.

1. **Judgment:** MOTION TO MODIFY: TIME OF FILING: NOTICE. A motion to modify a final decree on the ground that it was irregularly obtained should be overruled, when it is filed later than the second day of the succeeding term, and no notice thereof has been given to the adverse party. (See Code, 3156; *Hawkeye Ins. Co. v. Duffie*, 67 Iowa, 175.)

*Appeal from Guthrie Circuit Court.*

WEDNESDAY, DECEMBER 15.

THE facts are stated in the opinion.

*H. E. Long*, for appellant.

No appearance for appellee.

SEEVERS, J.—This was an action in equity, and the relief asked was to redeem certain real estate which had been sold for delinquent taxes to one Fogg, to whom the treasurer executed a deed in pursuance of such sale, and who conveyed to the defendant Chauncey Harper. The court found that the tax deed was void, and that the right of redemption existed, and the plaintiff claimed the right to redeem under a judgment lien against Silas Harper, who owned the land when it was sold by the treasurer; and, it appearing that the appellant Merriam was the holder of a like judgment, the court ordered the land to be sold and the proceeds to be applied— *First*, to the payment of taxes and interest; *second*, in payment of plaintiff's judgment; and, *third*, in payment of the judgment in favor of Merriam. This decree was rendered at the December term, 1885, and the record does not disclose that any appeal has been taken therefrom. The next term began on the eleventh day of May, 1886, and during said term, on June 1, 1886, the defendant Chauncey Harper filed a motion to strike from the decree all that part " which gives said Merriam affirmative relief," on several grounds, which, if true, simply show that the relief was irregularly obtained. No notice of this motion was served on Merriam, nor did he appear thereto; but the court heard the motion, and, in substance, struck from or so modified the decree as to give Harper the relief asked in the motion, and Merriam appeals.

We think the court erred in granting such relief on two grounds; and the first is that the motion was not made in time, (Code, § 3156;) and the second ground is that Merriam had no notice of the motion. The decree entered at the December term was a final decree. *Hawkeye Ins. Co. v. Duffie*, 67 Iowa, 175.

REVERSED.