## WALKER v. FREELOVE.

1. **Pleading**: WAIVER OF ERRORS. After defendant had been ruled to answer in thirty days, he filed a motion for a more specific statement of the cause of action, and plaintiff moved to strike this motion from the files, but at the next term he confessed defendant's motion and filed an amendment to his petition, making a more specific statement. *Held* that by so doing he waived all objections to proceedings whose object was to require him to do that which he at last voluntarily did.

2. **Judgment on Default**: SETTING ASIDE. Where a judgment upon default was rendered upon an amended petition, of which defendant had no notice, claiming to recover largely in excess of the original petition, and which was not entered upon the court calendars, and was filed only a short time before the default was entered, and at the very last hour of the term, such judgment was properly set aside upon motion made at the next term, under section 3154, paragraph 3, of the Code.

*Appeal from Marshall District Court.*—HON. S. M. WEAVER, Judge.

FILED, MAY 10, 1890.

ACTION to recover attorney's fees. There was a judgment upon a default for want of an answer, which, upon motion of defendant, was set aside. Plaintiff appeals.

*Thomas F. Bradford* and *Warren Walker*, for appellant.

*James Allison* and *Henderson & Hargrave*, for appellee.

BECK, J.—I. On the first day of October, 1887, plaintiff filed his petition in this case, claiming of defendant one thousand dollars for fees and expenses arising on account of services rendered by plaintiff as a lawyer in defending defendant against a prosecution by the state. On the

1. PLEADING: waiver of errors.

eleventh day of February, 1888, defendant appeared, and was allowed thirty days in which to answer, and the case was continued.   On the twentieth of February defendant filed a ·motion for leave to file an attached motion for a more specific statement of plaintiff's cause of action.   On the same day plaintiff filed a motion to strike these papers from the files.   On the twenty-third day of April, 1888, which we understand was at the next term, plaintiff confessed the objection raised by defendant's motions just referred to, and filed an amendment to his petition, making a more specific statement of the cause of action, and claiming to recover thirty-five hundred dollars instead of one thousand dollars, as prayed for in the original petition; and on the same day a default was entered against defendant, and a judgment rendered thereon for thirty-five hundred dollars, the sum claimed in the amended petition.   On the seventeenth day of August, in vacation, the defendant moved to set aside the default and judgment on the ground of irregularities, shown by affidavits accompanying the motion, consisting in demanding and granting the default on the day when the amended petition was filed, and at the very last hour of the term, which adjourned on that day.   The case had not been entered in the calendars of the term, and counsel for defendant had no notice that the case would be called up, and had cause to believe, for various reasons stated, that no further ·business would be transacted at the term, in which they were interested, and for that reason they had left the court house.   It is shown that defendant, in good faith, intended to· defend the action, and did not fail to do so through negligence.   The affidavits filed in support of defendant's motion tend to support the grounds upon which it is based, and justify the decision of the court setting aside the judgment.

II.   Counsel for plaintiff assigns the following errors upon the record.   They are set out here for the reason that they present all the grounds of objection

urged by plaintiff, and enable us more clearly to answer them: "1. The court erred in sustaining defendant's motion for leave to file motion for more specific statement in petition after an order had been made by agreement requiring defendant to answer. 2. The court erred in allowing defendant to file motion for more specific statement, after an order had been made by agreement requiring defendant to answer in thirty days. 3. That the court erred in not entering of record the order striking the motion for more specific statement from the files. 4. That the court erred in allowing defendant to withdraw motion to strike amended petition, and to file answer and counter-affidavit. 5. That the court erred in sustaining the motion to set aside judgment and default, for the reasons stated in the objections thereto. 6. That the court erred in overruling the objections filed by plaintiff to the motion to set aside judgment and default."

III.   The first four assignments of error are readily disposed of by the consideration that they direct objections to the very thing which defendants ask by their motion should be done, namely, a more specific statement of the cause of action, and which plaintiff, by his confession of the error pointed out by the motion, undertook to do, and by the amendment filed actually did.   Now, surely, plaintiff, after confessing his error in the petition, and curing it by amendment, cannot raise any complaint based upon the facts and action of the court stated in these assignments of errors, all of which show that plaintiff was permitted or required to do that which he voluntarily performed.

IV   The last two assignments of error relate to the action of the court in setting aside the judgment.   It is

2. JUDGMENT on default: setting aside.

first insisted that, as the motion is made under Code, section 2871, it should have been made at the term the judgment was rendered; and, as it was made at a subsequent term, it was erroneously sustained.   But the motion was made under Code, section 3154, paragraph 3.   Surely, it was

Walker v. Freelove.

an irregularity to permit a judgment by default to be rendered upon an amended petition at the time and under the circumstances above related. Such irregularity may be corrected by setting aside the judgment upon motion. Code, sec. 3157. In our opinion, the showing made upon the motion sufficiently supports the order of the court setting aside the judgment. The court below had before it, more clearly and fully than we can have, the facts and circumstances involved in the case. Surely, it will not be claimed that justice will permit a judgment to stand which was rendered by default upon an amended petition of which defendant had no notice, claiming to recover largely in excess of the original petition, and which was not entered on the court calendars, and was filed a short time before the default was entered, and at the very last hour of the term. The court below was authorized upon the evidence submitted in the case to find these facts, or, at least, it cannot be said that such a finding is so without the support of the evidence as to require us to interfere. It is our opinion that the judgment of the district court ought to be                                    AFFIRMED.