SIMEON T. PERRY, Trustee, Appellant, v. FRANK J. KASPAR
*et al.*

**Correction of Record by Motion:**　To correct a record under Code,
sections 243, 244, the correction must be made during the term
at which the record was made, as provided by section 243.

*Motion to retax costs.* Under Code, section 3864, providing for the
retaxation of costs on the application of any party aggrieved,
and that "in such retaxaiton all errors shall be corrected,"
error in the allowance of an attorney's fee on foreclosure can-
not be corrected by such motion, since the right thereto is de-
termined as a part of the judgment, and the error is inherent.
therein, though the fee allowed by the contract is to be taxed
as costs.

WRONGFUL ALLOWANCE OF ATTORNEY FEE. No relief can be had by
motion, under Code, sections 4091, 4093, providing for the cor-
rection of "mistakes or omissions of the clerk, or irregularity
in obtaining judgment or order," for the wrongful allowance of
an attorney's fee on the foreclosure of a mortgage, as the error
is inherent in the judgment itself, and the proceedings for cor-

rection, on the grounds enumerated in section 4091, should be by petition, under section 4094, and be commenced like an original action.

Proceedings Subsequent to Judgment in Party's Favor: NOTICE TO ATTORNEY. After rendition of judgment in a party's favor, he is not chargeable with notice of subsequent motions in the cause unless actual notice has been given him, and after the rendition of judgment, the signing of the record, and the apparent conclusion of the case, he cannot be bound as to subsequent proceedings therein by service of notice on his attorneys, except in cases of appeal and retaxation of costs and like cases, especially provided for by statute.

Appeal: PRESUMPTIONS: *Corrections of Record.* It must be presumed on appeal, where nothing otherwise appears, that the judge did his duty in signing the record, pursuant to Code, section 242.

*Appeal from Pottawattamie District Court.*—HON. WALTER I. SMITH, Judge.

TUESDAY, FEBRUARY 5, 1901.

THE facts to be considered on this appeal are as follows: In October, 1894, the plaintiff brought suit to foreclose a mortgage on certain land of which Agnes Simanek was then owner, Frank J. Kaspar and wife being the mortgagees. Agnes Simanek was joined as party defendant. Decree was entered by default, and there was an allowance of $120 as attorney's fees, the statutory affidavit not being filed with the original papers, but on the day the decree was entered. At the same term Agnes Simanek filed a motion to retax costs and set aside the allowance of attorney's fees, on the ground that the affidavit was not properly filed, but no action thereon was taken at that term. The decree was entered January 22, 1895, and the motion to set aside the allowance of attorney's fees was filed March 26, 1895. The property was sold on execution February 25, 1895, to the plaintiff for the amount of the judgment, including costs and attorney's fees, and the payment therefor made,

and the attorney's fees were paid to the attorney, James B. Meikle, who receipted for the same. In March, 1898, notice was served on the attorney, James B. Meikle, that the motion filed by Agnes Simanek would be called for hearing March 26, 1898. Resistance was made to the motion, and one or more affidavits were filed by each party, and on the hearing the allowance of the attorney's fees was set aside for failure to file the statutory affidavit with the original papers. From this action of the court, the plaintiff appeals.—*Reversed.*

*Duffy, Gaines & Kelby* and *John A. Story* for appellant.

*Mayne & Hazelton* for appellees.

McCLAIN, J.—There is no contention but that the allowance of the attorney's fee was improper. *Wilkins v. Troutner,* 66 Iowa, 557; *Sweney v. Davidson,* 68 Iowa, 386.
The question is whether the defendant is entitled to relief in this proceeding. Appellant contends that this is a motion to retax costs, and that such motion does not reach the error complained of. In this position we think appellant is correct. The statutory provision as to a motion to retax costs, which was in force at the time this motion was originally filed, was the same as that now found in the Code, section 3864, as follows: "Any person aggrieved by the taxation of a bill of costs may, upon applicataion, have the same retaxed by the court, or by a referee appointed by the court in which the application or proceeding was had, and in such retaxation all errors shall be corrected." The motion here contemplated is not a motion for a modification of a judgment or decree already rendered, but to direct the court's attention to the action of its officers, in pursuance of a judgment or decree, with a view of correcting any errors which they may have made. *Fairbairn v. Dana,* 68 Iowa, 230. While it is true that the attorney's fee allowed by the terms of the contract is to be taxed as costs, nevertheless the right to such fee is to be determined

by the court in rendering judgment, and the right to attor-
ney's fees in this particular was determined by the court in
its original judgment.    The propriety of the court's action
could then have been tested, and any error in the judgment
could have been corrected.    It was subject to the same meth-
ods of review and correction as any other portion of that
judgment.    It was not necessary to wait for the action of the
clerk in taxing the attorney's fees to determine whether any
error was committed.    Therefore it was incumbent on the de-
fendant to proceed to question the correctness of the judg-
ment, and he could not raise the question by a motion to retax
the costs.    The necessity of a motion to retax the costs before
asking a review of the judgment in that respect on appeal is
that, in an ordinary case of taxation of costs, the question to
be raised by the motion has not otherwise been presented to
the trial court, and no question not thus presented can be con-
sidered on appeal.    But the question as to the right to attor-
ney's fees in this case has been presented to the trial court
The judge had been called upon to determine whether there
was such an affidavit in the case as entitled the plaintiff to
have a judgment entered for attorney's fees.    In reaching his
conclusion in this matter, the judge committed an error, due
perhaps to inadvertence, but nevertheless an error which in-
hered in the judgment itself.    Therefore the relief
which the lower court gave was not proper relief, un-
der a motion for a retaxation of costs.    *Ainley v. In-
surance Co.,* 113 Iowa, *post.*

Appellee contends that, while this motion may have been
improperly named, it really did ask relief to which appellee
was entitled, and was properly sustained either as a motion
for the correction of the record, under sections 243, 244 of the
present Code, or for the vacation or modification of the judg-
ment, under Code, sections 4091, 4093.    The difficulty with
the first of these contentions is that Code, section 243, pro-
vides that the record "may be amended or any entry therein

expunged at any time during the term at which it is made or before it is signed by the judge." The correction in this case was not made during the term at which the record was made. There is no evidence before us as to when the record was signed by the judgs, but Code, section 242 (which contains substantially the same provisions as were in force at the time the judgment was entered), contemplates that the records shall be signed at the term, or possibly at the next term; but there is no provision by which the signing is to be postponed beyond the succeeding term, and the action of the court in modifying this judgment was not taken until three years after the judgment was entered. It must be presumed that the judge did his duty in regard to signing the record. Without attempting now to determine just what is the full scope of Code, sections 243, 244, it seems clear to us that the court cannot, on a motion to correct the record, modify a judgment duly entered and properly made of record many terms prior to that at which the correction is attempted to be made. Certainly, the records of courts are not to be left hung up in an ambiguous position by reason of the pendency of some motion made after the entry of judgment, and of which, as is true in this case, the opposite party was not notified.

In this connection, it is proper to refer to a contention that the attorney for the appellant had knowledge of the motion at the time it was filed. It is sought to charge him with knowledge by a letter set out in appellee's amendment to abstract, purporting to have been written by him to the attorneys for appellee in September, 1895, saying that he did not care to contest that part of the motion relating to attorney's fees. It does not appear how this letter gets into the record, but assuming that it is correctly there, it does not, in our opininon, charge the appellant with notice of said motion. After the rendition of judgment, appellant was not chargeable with notice of motions in the case except as notice thereof was given. *Wetmore v. Harper,* 70 Iowa, 346;

*Insurance Co. v. Duffie,* 67 Iowa, 175.   Surely, it is not con-
templated that, after the rendition of judgment, the signing
of the record, and the apparent conclusion of the case, one
who was a party to' the proceeding can be bound as to subse-
quent proceedings by the mere knowledge of, or even formal
notice to, the attorney who acted in the case.   The notice
necessarily must be such notice as to revest the court with
jurisdiction, and jurisdictional notice could not be secured
by service on an attorney.   The only exceptions to this rule,
we imagine, are those where the statute expressly authorizes
a notice of further proceedings to be given to an attorney
who appeared in the case, as, for instance, where notice of ap-
peal is thus authorized, or authorizes such notice by implica-
tion, as in the case of motion to retax costs or proceedings
to amend the record, as authorized in Code, section 243. The
attorney who wrote this letter did not at this time appear in
court in behalf of appellant with reference to this motion.
No doubt it he had done so with authority the court would
have had jurisdiction, but the court got no jurisdiction what-
ever over appellant with reference to this motion until such
jurisdiction was acquired in 1898, by appearance of his at-
torney in resistance to the motion.   Can it be supposed for a
moment that service of notice of this motion in 1898 on the
attorney who represented plaintiff in the court in 1895, when
the judgment was rendered, would revive the jurisdiction
of the court over the party? Such contention would seem to
us to be wholly untenable.   We conclude, therefore, that the
court had no authority in 1898 to correct the record duly en-
tered in 1895, even though the motion under which such cor-
rection was made was filed before the end of the term at
which the judgment was entered, it not having been filed un-
til after the judgment was fully entered on the record.

Finally, with reference to the contention that the court
properly sustained the motion in 1898 under the authority

of Code, sections 4091, 4093, we have to say that the motion does not come within the grounds of correction specified in section 4093, which "are mistakes or omissions of the clerk, or irregularitity in obtaining judgment or order." If it had been on one of these grounds, it might have been prosecuted as provided by that section, if "served on the adverse party or his attorney, and within one year," but it is not for these grounds. There was no mistake or omission of the clerk, nor was there any irregularity. The error was one inhering in the judgment itself. Proceedings for correction on grounds enumerated in Code, section 4091, are to be by petition, under Code, section 4094, and the proceeedings are to be commenced as those in any other original action. The action of the court in sustaining the motion was erroneous, and must be REVERSED.