Iowa Savings & Loan Association, Appellant, v. D. C. Chase and Florence R. Chase.

**Void Judgment:**   CANCELLATION OF.   A void judgment may be cancelled in equity though not brought within one year from the rendition of such judgment.   Code, section 4091, does not apply in case the judgment is wholly void.

**Costs:**   RETAXATION:   JURISDICTION.   After payment and satisfaction of a judgment for costs, the court has no jurisdiction to make any ruling on a motion to retax the same and enter a judgment therefor unless it acquires jurisdiction anew by service of notice or appearance.

**Appearance by Attorneys:**   JURISDICTION.   The presence in the court room of the attorney of record in the original suit will not, alone, constitute an appearance to a motion to retax costs and confer jurisdiction.

*Appeal from Hamilton District Court.*—HON. W. S. KENYON, Judge.

TUESDAY, OCTOBER 14, 1902.

ACTION in equity to enjoin the enforcement of two certain judgments, and have them annulled, canceled, and

set aside on the ground that they were rendered without jurisdiction. A demurrer to the petition was sustained, and, plaintiff electing to stand upon its pleading, judgment was rendered for defendants, from which plaintiff appeals. —REVERSED.

*Baily & Stipp* for appellant.

*D. C. Chase* for appellees.

McCLAIN, J.—The proceedings resulting in the judgments which plaintiff assails were, as appears by the petition, substantially as follows: Two suits for foreclosure of mortgages were instituted in Hamilton district court by the plaintiff in this action against the defendants in this action, and in each suit judgment of foreclosure, with attorney's fees and other costs, was rendered against the defendants in February, 1896. These judgments, with the costs taxed in the two actions respectively, were fully paid by the defendants prior to the 15th day of June, 1898, and satisfied and discharged of record, and the cases appeared from the record therein to be fully disposed of. In September, 1898,—more than two years after the rendition of the judgments, and four months after their payment and satisfaction,—defendants filed in the Hamilton county district court, entitled in each of the two cases, respectively, motions to retax costs therein, alleging that certain items of costs,—among others the items for attorney's fees allowed,—were improperly taxed to defendants, and alleging that defendants, by the issuance of execution, had been obliged to pay such costs, which they had done under protest, without having an opportunity to have the same retaxed, and asking that such costs as had been "erroneously taxed and paid by them be refunded, as the law requires." To this motion plaintiff entered no appearance, and in April, 1899, the court sustained said motion, and caused the following entry to be made on the records of

the court in each of said cases:  "Be it remembered that on this day, it being the second day of the April term of the district court of said county, the above entitled cause came on for hearing on a motion of the defendants to retax the costs in said cause, D. O. Chase appearing for defendants, and Geo. Wambach, one of the attorneys of record for the plaintiff, being present in court, and, the court finding a trial notice has been regularly filed, the motion to retax costs was sustained in all the assignments of the same, and judgment entered accordingly, and the court finds that the items complained of were erroneously assessed as costs, and, as they have been paid by the defendants, the clerk of the court is directed to collect the said costs so erroneously paid, and return them to the defendants, and on their failure to do so on receiving due notice a special execution shall be issued in favor of the defendants against the plaintiffs for the costs erroneously assessed, to wit; to all of which the plaintiff excepts."  Entries were made in the judgment docket showing judgment in each of the cases for the defendants against the plaintiff for the respective amounts of costs found to have been erroneously taxed and paid, and it is these judgments which plaintiff seeks to have canceled on the ground that they are void, and appear to be liens on its real property, and constitute a cloud thereon, hindering plaintiff from making sale thereof; and that it has no plain, speedy, and adequate remedy at law.

I.   Plaintiff's petition does not ask for vacation of the judgment and new trial, as provided in Code, sections 4091-1094, but invokes the aid of a court of equity as against judgments alleged to be void for want of jurisdiction, and we think that the sections of the Code just referred to have no application.   It may be that, so far as the statutory provisions would entitle a party to relief, he must avail himself of the statutory remedy, and cannot resort to an action in

1.  Void judgment: cancellation of.

equity; but it is plain that the statutory provisions do not cover a case where relief is asked on the ground that the judgment is wholly void. Equity has unquestionably the power to grant relief in such a case for the purpose of canceling a void judgment which constitutes an apparent lien on his real property. *Leonard v. Capital Insurance Co.*, 101 Iowa, 482; *Jamison v. Weaver*, 84 Iowa, 611; *Le Grand v. Fairall*, 86 Iowa, 211. Therefore the fact that the proceeding is not brought within a year after the rendition of the judgment, as is required with reference to proceedings under Code, section 4901, would not be a ground on which the demurrer to plaintiff's petition could properly be sustained.

II. As a general proposition, the jurisdiction of a court terminates with the rendition of judgment, and the parties are not bound to take notice of subsequent motions except as such motions may be authorized by statute. *Perry v. Kasper*, 113 Iowa, 268.

2. COSTS: re-
taxation:
jurisdiction.

Thus, a party is not bound to take notice of a motion to set aside a sale on execution after the rendition of final judgment, unless he has been served with notice of such motion. *Wright v. Leclaire*, 3 Iowa, 221, 241; *Osborne v. Cloud*, 21 Iowa, 238. And see, to the same effect, with reference to a motion to set aside a judgment, *Keeney v. Lyon*, 21 Iowa, 277. No doubt a motion to retax costs, being specially authorized by statute (Code, section 3864), is one of which the parties are bound to take notice, even though made after final rendition of judgment; but there certainly must be some limit to the time within which the final determination of the case with reference to the costs may be assailed in this manner, and we think that, after the costs have been fully paid and satisfied, there can no longer be any necessity for requiring the parties to be on their guard against motions of this character. Indeed, there seems to be no authority whatever in the section just referred to for the action of the court

in this case in directing execution against plaintiff for the amount of costs found to have been erroneously taxed to and paid by the defendants. The section provides that: "If the party aggrieved shall have paid any unlawful charge by reason of the first taxation, the clerk shall pay the costs of retaxation, and also to the party aggrieved the amount which he may have paid by reason of the allowing of such unlawful charges." It may be that, so far as the clerk is concerned, he may be held to account in this summary manner for costs improperly imposed upon and paid by the party; but certainly there is no indication that a judgment for such amount is to be rendered against the successful party. The lower court therefore not only had no authority to render judgment on the motion to retax costs, but, unless the court had, by service of some notice, or by appearance, acquired a new jurisdiction as to the plaintiff, it had no power to make any ruling whatever on such motion which would be binding on the plaintiff.

III. It is contended that the entry of the ruling on the motion shows notice to plaintiff's attorney. All that appears, however, is that plaintiff's attorney was present in the court room. Certainly, that fact alone did not constitute an appearance, nor did it charge the plaintiff with jurisdictional notice. Even a service on the attorney who had appeared in the original action for the plaintiff would not give the court jurisdiction. *Perry v. Kasper*, 113 Iowa, 268.

3. APPEARANCE by attorney: jurisdiction.

The lower court therefore erred in sustaining the demurrer to plaintiff's petition, and the judgment is REVERSED.