L. S. McConkie, F. D. McConkie, and John Lower, v. Isaac Landt, Appellant.

**Intoxicating liquors:** FINES: ATTORNEY FEES.   Where a fine has 1 been imposed for the sale of liquor in violation of an injunction, the ten per cent. of the fine allowed by Code, section 2429, in addition to the reasonable fee provided for the attorney prosecuting the cause, cannot be recovered either as costs or otherwise until the fine has been collected.

**Fines:** COLLECTION OF ATTORNEY FEES: INJUNCTION.   An *ex parte* 2 order in vacation for the issuance of an execution to collect, as

attorney fees, ten per cent. of an uncollected fine imposed for the sale of liquor in violation of an injunction, is void for want of notice, and a suit to restrain its enforcement will lie.

*Appeal from Cedar District Court.*— HON. J. H. PRESTON, Judge.

WEDNESDAY, JANUARY 11, 1905.

ACTION to enjoin proceedings under an execution. Decree for plaintiffs. Defendant appeals.— *Affirmed.*

*Charles W. Kepler,* for appellant.

*Jamison & Smyth,* for appellees.

McCLAIN, J.— A judgment in behalf of the State for $600 fine and costs was obtained in a suit instituted by defendant against the plaintiffs in this action for the illegal selling of intoxicating liquors in violation of an injunction. Thereafter the Governor remitted the fine on condition that the costs be paid. The costs were paid, including the attorney's fee provided for in such cases, which was taxed as part of the costs, under a provision found in section 2406 of the Code. Subsequently, without any notice to these plaintiffs, the judge of the court in which the judgment for the fine had been entered made an order in vacation directing the clerk to issue execution against the plaintiffs for the collection of ten per cent. of the fine which had been remitted, as additional attorney's fees taxable as costs in the case under provisions of the Code. The present action is brought to enjoin the enforcement of such execution. The provision of the Code relied upon is as follows:

Section 2429. In all actions in equity against persons charged with keeping a nuisance, and to abate the same, and all proceedings for a contempt for violating any injunction, temporary or permanent, issued or decreed therein, the court or judge before whom the same shall be heard and deter-

mined shall allow the attorney prosecuting such cause a reasonable sum for his services, and in case a fine shall be assessed, he shall be allowed ten per cent. of the fine collected.

The contention for appellant is that the ten per cent. provided for constitutes an additional attorney's fee, taxable as costs in favor of the attorney of the plaintiff in the contempt proceeding, and that the Governor could not and did not attempt to relieve the defendants in that proceeding from the payment of this ten per cent. But it is to be noticed that it is "ten per cent. of the fine collected" which is to be assessed as part of the costs, and that this ten per cent. is not in addition to the fine, but is a part of it; that is, when the fine is collected, ten per cent. thereof is to be paid to the attorney of the plaintiff in the proceeding. If $600 fine had been collected, ten per cent. of the amount which would otherwise have gone to the county would have been payable to plaintiff's attorney. It seems clear, therefore, that when the fine was remitted, so that it was not and could not be collected, there was no fund from which any amount could be taken for the benefit of the attorney. It matters not whether the ten per cent. is to be treated as a part of the costs, for even if to be so treated, there never has been any fine collected, a per cent. of which could be taxed up as costs. The ten per cent. is allowed for the collection of the penalty imposed. *Brennan v. Roberts,* 125 Iowa, 615; *Sims v. Pottawattamie County,* 91 Iowa, 442.

1. Fines: attorney's fees.

It is also contended that the remedy of plaintiffs was by appeal from the order entered by the judge in vacation, directing the clerk to issue execution, and that this suit to restrain the enforcement of the execution cannot be maintained. But if in entering such order the judge acted without jurisdiction then the plaintiffs were not bound to take any notice of the order, and, when threatened with the enforcement of the execution against their property, may ask relief by way of injunction.

2. Fines: collection of attorney fees; injunction.

*Leonard v. Capital Ins. Co.,* 101 Iowa, 482; *Iowa Union Tel. Co. v. Boylan,* 86 Iowa, 90; *Connell v. Stelson,* 33 Iowa, 147; *Hawkeye Ins. Co. v. Huston,* 115 Iowa, 621. After the expiration of the term at which judgment was rendered against them, plaintiffs were not required to take notice of further proceedings in the case. *Perry v. Kaspar,* 113 Iowa, 268; *Schiele v. Thede,* 126 Iowa, 398.

The judge is authorized, on application made to him, to enter an order in vacation directing the clerk or sheriff as to the issuance or enforcement of an execution. Code, section 3843. But such an order can be made only after notice to the opposite party. Code, sections 3834–3841. While the notice required on an application to the judge in vacation for relief incident to the case, of which the court has acquired jurisdiction, is not necessarily the same kind of notice as that required of the institution of an action, it is nevertheless essential, in order that the judge have authority to act, and we think that it is jurisdictional. The action of the judge in the present case, on which the execution now sought to be enjoined was based, was purely *ex parte,* and without notice of any kind to the adverse party. The judge's order was therefore void.

The judgment of the trial court enjoining the enforcement of the execution is *affirmed.*