VINCENT *v.* BENZIE CIRCUIT JUDGE.

1. MANDAMUS — SETTING ASIDE IRREGULAR ORDERS — PRACTICE — VACATION OF DECREES — NOTICE.

A purchaser of land, the title to which was quieted prior to his purchase, is entitled to a mandamus directing the judge to set aside an order, granted without notice to the purchaser and without his knowledge, vacating the decree quieting title.

2. DECREE—IRREGULARITY—SETTING ASIDE—NOTICE.

   The fact that a decree quieting title was irregular does not entitle the party against whom it was rendered to have the same set aside without serving proper notice on parties interested in sustaining the same.

Mandamus by William Vincent to compel Clyde C. Chittenden, circuit judge of Benzie county, to vacate an order setting aside a decree.   Submitted January 3, 1905. (Calendar No. 20,838.)   Writ granted February 11, 1905.

   *Louisell & Nevius*, for relator.

   *J. J. Tweddle* (*D. G. F. Warner*, of counsel), for respondent.

   PER CURIAM.  One Emily A. Macauley commenced suit in the circuit court for the county of Benzie, in chancery, against Saunders D. Bruce and Cora E. Hale, for the purpose of quieting title to certain real estate.  Said Cora E. Hale filed an answer and cross-bill, and in August, 1903, obtained a decree quieting her title and setting aside complainant's title.  Subsequently the proceedings were regularly enrolled, and the land purchased by relator.   .

   In June, 1904, complainant Macauley petitioned for an order setting aside said decree and permitting her to amend her bill of complaint.  This petition, which did not conform to the rules of practice, was heard and granted without notice to or knowledge of relator.  In our judgment, relator is entitled to a mandamus compelling respondent to set aside said order.  See *York* v. *Ingham Circuit Judge*, 57 Mich. 421.

   In reaching this conclusion, we have not overlooked respondent's contention that the decree set aside was irregularly obtained.  It is by no means clear that complainant Macauley could take advantage of these irregularities. And if she could, they did not justify her in departing from proper practice, and in failing to serve notice upon relator.  See *Jewett* v. *Morris*, 41 Mich. 689.

   The mandamus should issue.