CARL OWEN and EMMA KENDALL, Plaintiffs, v. MILO P. SMITH, Judge, and JOHN McALLISTER, Defendants, and E. N. BEACH v. MILO P. SMITH, Judge, and JOHN McALLISTER, Defendants.

**Attorney and client:** APPEARANCE: WHEN NOT BINDING. Where a judgment dismissing an action was entered at a prior term, the attorney for defendant could not bind him by appearing at a subsequent term and objecting to the vacation of the order of dismissal, no notice of the vacation proceedings having been served upon defendant.

**Judgments:** VACATION: NOTICE: JURISDICTION: *Certiorari.* A judg-
ment of dismissal can not be vacated at a subsequent term with-
out notice to the other party, as notice is jurisdictional; and
when so vacated without notice the order is void and *certiorari*
will lie to annul it.

THURSDAY, MAY 16, 1912.

Certiorari proceedings to the Linn District Court.
*Annulled* and *remanded.*

*Voris & Haas* for plaintiffs.

No appearance for defendants.

DEEMER, J.—These two cases are submitted together
upon a single brief for the plaintiffs; the defendants mak-
ing no appearance here. The proceedings are by certiorari
to review the action of the defendant judge, while sitting
as judge of the district court of Linn county, in setting
aside and vacating judgments of dismissal in two separate
actions brought by one John McAllister against Carl
Owen and Emma Kendall and E. N. Beach, re-
spectively, to enjoin them from further conduct-
ing alleged liquor nuisances. These actions were com-
menced for the January, 1911, term of the Linn county
district court; and in each the defendants appeared and
filed motions for more specific statement. These motions
were submitted and sustained, and, as the plaintiff therein
refused to comply with the orders, judgments of dismissal
were entered in each case on March 23, 1911. No excep-
tion appears to have been taken, and certainly no notice
of appeal was given, in either case. At the next term of
said court, commencing on April 10th of the same year,
and on the 21st of that month, the trial court made the
following order in each case: "Now, to wit, this 21st day
of April, 1911 it still being of the regular April, 1911,

term of this court, Hon. Milo P. Smith, presiding judge, the judgment of dismissal made in this cause at the January, 1911, term of this court, to wit, on March 23, 1911, is hereby set aside on the verbal request of plaintiff's attorney, M. S. Odle, and the cause reinstated as to pars. Nos. 1, 3, 4, and 5 of the petition. The attorneys for defendants, Voris & Haas, being present in courtroom, are called, and object that no legal cause is shown for setting aside said judgment, and that the court has no jurisdiction. Said objections are overruled, and defendants except."

This was without notice to the defendants in the action; and no appearance was made for them, unless the recitation in the order should be taken as constituting either an appearance by attorneys, or as sufficient notice to bind their clients. Manifestly there was no such notice to the defendants or their attorneys as the law requires; and there was no such appearance as would bind their clients. True they objected to the order of vacation, and said to the court that it had no jurisdiction. There is no presumption that they had any authority to appear for their clients at that stage of the proceedings. The case had been ended at a prior term; and they had no implied authority to appear at a subsequent one. Indeed, formal notice to them of the application to vacate would not have been binding on their clients. *Perry v. Kasper,* 113 Iowa, 268; *Kwentsky v. Sirovy,* 142 Iowa, 385; *Bardes v. Hutchinson,* 113 Iowa, 610; *Iowa Saving Ass'n v. Chase,* 118 Iowa, 51.

1. ATTORNEY AND CLIENT: appearance: when not binding.

The judgment of dismissal might, perhaps, have been vacated under section 4093 et seq. of the Code at a subsequent term. But this could not be done without notice to the other party. *Hawkeye Ins. Co. v. Duffie,* 67 Iowa, 175.

2. JUDGMENTS: vacation: notice: jurisdiction: certiorari.

Without this notice, the trial court had no jurisdiction,

and its orders vacating the judgments were null and void. *Wetmore v. Harper*, 70 Iowa, 346; *Browne v. Kiel*, 117 Iowa, 316; *McConkie v. Landt*, 126 Iowa, 317. That certiorari is the proper remedy in such cases, see *Bardes v. Hutchinson, supra.*

The order vacating the judgments of dismissal must each be, and it is, annulled, and the cases remanded for judgments in harmony with this opinion.—*Annulled* and *remanded.*