DES MOINES UNION RAILWAY COMPANY, Complainant, v. DISTRICT COURT OF POLK COUNTY, Respondent.

**JUDGMENTS:    Vacation—Passing of Term—Notice of Proceeding
1    to Vacate—Necessity for.**    Power to set aside final judgments, *after the term at which rendered,* must be exercised strictly in accordance with statutory regulations.    (Secs. 4091–4099, Code 1897.)    Notice of the proceeding to set aside is jurisdictional.

PRINCIPLE APPLIED:    An action at issue, after pending over two years, was dismissed by the court for want of prosecution.    After another term of court had intervened, the court, on motion of plaintiff, set aside the judgment of dismissal and reinstated the action without any formal or written notice to the defendant.    An exception by defendant was entered, but admittedly defendant did not appear and was not then represented by counsel.    Minutes of the filing of the motion and of all subsequent orders relating thereto were published in the ''Daily Record,'' which was, apparently, a private publication for public distribution.    Counsel who appeared for the defendant prior to the dismissal were informed of the order vacating the judgment and reassigning the cause for trial.    Later, the cause went to trial and judgment without appearance by defendant.    *Held,* the court, (a) by the order of dismissal and (b) by the passing of the intervening term, wholly lost jurisdiction of the cause and, in order to legally set aside the dismissal, must reacquire jurisdiction of the defendant (1) by service or acceptance of formal written notice, or (2) by an appearance thereto by defendant.

**JUDGMENTS:    Vacation—Jurisdictional Notice Required—Substi-
2    tuted Notice Not Recognized.**    Jurisdiction to vacate a judgment, after the term has expired at which it was rendered, only attaches when the notice has been given and the service made in time, manner and form provided by law.    Some other notice or service, assumptively ''just as good,'' will not be recognized.

PRINCIPLE APPLIED:    (See No. 1.)    *Held,* the publication of a minute of the filing of the motion to set aside the judgment

of dismissal, and of the order thereon, and the verbal notice to the attorneys, did not satisfy the command of Sec. 4095 of the Code, 1897, that a certain notice should be given and a certain service made thereof.

**DISMISSAL AND NONSUIT:** Inherent Power of Court to Enter—
3  Failure to Prosecute—Time—Computation. An action may be dismissed for want of prosecution, under the inherent powers of the court. Assuming, in instant case, that notice of such contemplated action was necessary under a rule of court requiring ten days' publication of notice to precede the dismissal, *held*, notice published on June 10th, followed by an order of dismissal on June 20th, was sufficient because (a) furnishing ten days' notice by excluding date of publication and including date of dismissal (Sec. 48, Par. 23, Code 1897), and (b) if ten clear days were required by the rule, it was not a case of no notice but of defective notice only.

*Appeal from Polk District Court.*—HON. LAWRENCE DE GRAFF, Judge.

MONDAY, JUNE 21, 1915.

CERTIORARI to review certain proceedings had in the district court in a certain action in which W. T. Shaver was plaintiff and the complainant herein was defendant. The facts are stated in the opinion.—*Annulled.*

*Parker, Parrish & Miller,* for complainant.

*A. P. Chamberlain* and *E. D. Smith,* for respondent.

WEAVER, J.—A vehicle belonging to Shaver was injured in a collision with a locomotive belonging to the railway company, and he brought suit in the district court of Polk county to recover damages. Said action was begun for the January, 1911, term of the court, and the railway company appeared thereto and filed an answer, taking issue upon the material allegations of the petition. On June 10, 1913, considerably more than two years after issues joined in said cause, the court, in accordance with the practice prevailing therein, gave public notice that on June 20th and 21st, the calendar

would be called for the dismissal of cases liable to such
disposition, the notice being published as was usual in that
court in the Des Moines Daily Record, pursuant to a rule
by which all cases remaining upon the calendar for more
than three terms without trial were subject to summary
disposition. On June 20, 1913, said cause was called and
an entry made as follows: "It is hereby ordered that this
case be and the same is hereby dismissed at plaintiff's
costs." So far as shown, neither party was present, or,
if present, neither made any objection to the order. Some
six months later and after another term of court had inter-
vened, a motion was filed by the plaintiff therein to reinstate
the cause; but no notice thereof was served upon the railway
company or its counsel, though a minute of its filing was pub-
lished in the Daily Record. On January 17, 1914, a ruling
was entered sustaining the motion and ordering a reinstate-
ment of the case. An exception by the company was also
noted in the calendar, but it is conceded that it did not appear
to such motion and was not there represented by counsel. A
minute of this order was also published in the Daily Record.
Thereafter, Shaver, by his counsel, filed trial notices in this
cause for the January, March, May, September, and Novem-
ber, 1914, terms of court, but no court action was taken
thereon until, at the January, 1915, term, it was assigned for
trial on January 20th. It was again assigned at the March
term, and on March 24, 1915, having been reached in its
order, was called for trial, and the railway company not ap-
pearing, judgment was entered in Shaver's favor for $285.00.
At no stage of the proceedings after the dismissal of the
action on June 20, 1913, was any notice served upon the rail-
way company or upon the counsel who had represented it in
the prior proceedings, but a note or minute of each step taken
and each order made therein was published in the Daily
Record. When the case was finally called for trial, verbal
notice thereof was given or sent to said counsel, who declined
to act upon it or to appear or defend.

Upon this state of the record, the railroad company instituted this proceeding in certiorari, asking that the judgment against it be annulled as having been entered without jurisdiction. The return made to the writ of certiorari states the facts substantially as above recited, and the pivotal question we have to consider is whether the trial court acted within the scope of its authority in reinstating the cause after entry of the judgment of dismissal.

Passing for the moment the effect of the publications in the Daily Record and the knowledge by the counsel who had represented the railway company in the earlier proceedings, we think it a well-settled proposition in this state that when a trial court, acting within its proper jurisdiction, has entered judgment dismissing an action, the case is to be treated as having been finally disposed of, and such judgment cannot be vacated and the action reinstated for trial without notice to the defendant. And this is especially true if the term at which the judgment of dismissal is entered is allowed to pass without any application to vacate it. *Hawkeye Ins. Co. v. Duffie,* 67 Iowa 175; *Townsend v. Wisner,* 62 Iowa 672; *Hamill v. Schlitz,* 165 Iowa 266; *Perry v. Kaspar,* 113 Iowa 268; *Wetmore v. Harper,* 70 Iowa 346; *Kwentsky v. Sirovy,* 142 Iowa 385; *Browne v. Kiel,* 117 Iowa 316. See also *Karrick v. Wetmore,* 25 App. D. C. 415; *Brady v. Ins. Co.,* 67 Ill. App. 159; *Jenkins v. Corwin,* 55 Ind. 21; *Vincent v. Benzie,* 139 Mich. 90.

1. JUDGMENTS: vacation: passing of term: notice of proceeding to vacate: necessity for.

Authority of a court to vacate a judgment after the term at which it is rendered is statutory (Code, title 20, chapter 1); and to give the court jurisdiction, the party against whom the motion or application is made must be served with notice after the manner of original notices for the commencement of an action (Code Sec. 4095). Without such service of notice or its acceptance or waiver, or an appearance by the party entitled thereto, an order vacating such judgment is necessarily void. Even where the order of vacation of a final judgment

is made at the same term, the same rule has been applied by this court. In *Hawkeye v. Duffie,* 67 Iowa 175, the defendant appeared to an action in the district court and demurred to the petition. The demurrer was sustained, and plaintiff electing to stand on his petition, judgment was entered against him for costs. Later in the same term, the court set aside the judgment and permitted plaintiff to withdraw his election to stand upon his petition and to have thirty days in which to amend. No notice of this application or order was given the defendant and it did not appear thereto. Upon certiorari brought to test the validity of the order of vacation, it was held to be void as having been made without jurisdiction. In thus holding, the court said:

"Final judgment had been rendered. Ordinarily, when this has been done, the case is at an end, except that a motion for a new trial may be filed within three days thereafter. While it may be that the court had jurisdiction of the defendant during such period for the purposes of such a motion, the defendant was not bound to anticipate that the plaintiff would withdraw his election to stand on the petition, or that the court would permit him to do so and file an amended petition, and that the court would set aside the final judgment previously entered. The case having been disposed of by the rendition of the final judgment, the court ceased to have jurisdiction over the defendant in the action, and the defendant's attorney was not bound to remain in court, but could well leave as he did. It may be that the order was one that should have been made, and that substantial justice required the court in this instance to do so. But this is not the controlling consideration. The controlling question is one of jurisdiction, and it is evident, if the court did not have jurisdiction of the defendant in the action, that the expunging order is absolutely void. As the order was made in the absence of defendant in the action, no exception could be taken, and therefore an appeal would have been ineffectual. It is

true, the defendant, when it obtained knowledge of the order, might have moved the court at the succeeding term to set it aside. But the defendant was not bound to do this if the court did not have jurisdiction to make the order at the time it did so."

In *Callanan v. Lewis*, 79 Iowa 452, an order entered without notice to the opposite party, setting aside a judgment at a former term, was held to be "absolutely void." In *Perry v. Kaspar*, 113 Iowa 268, a judgment entry was modified or changed at a subsequent term by striking out the allowance of an attorney's fee which had been erroneously made. No notice was given to the other party, and the failure so to do was held to be a jurisdictional defect, "even though the motion under which such correction was made was filed before the end of the term at which the judgment was entered, it not having been filed until after the judgment was fully entered on the record." We find no approved precedent upon which the order of the district court can be sustained. The cases cited for the respondent go no further than to uphold the rule that the court has inherent authority to set aside a judgment of dismissal or to correct an error in its record, but this authority is not unlimited and may be exercised only where the court has jurisdiction of the person or party adversely affected by such order. When a judgment of dismissal has been entered, the action is at an end. How far the court may properly go in modifying or vacating such judgment at the same term without notice, we need not here consider or decide. In this respect, the courts of the several states are not in harmony. It is, however, quite universally held that such authority extends no farther than the term at which the judgment is entered, and until jurisdiction has been re-acquired by proper notice, a subsequent order of vacation and reinstatement of the cause for trial is void. See authorities already cited. If other authoritative precedent be thought needed, it is found in the recent case of *Owen v.*

*Smith,* 155 Iowa 463. There a judgment of dismissal was entered and at the next term, upon application of plaintiff, and without notice to defendant, the judgment was vacated. Upon this record, we said, ''The judgment of dismissal might perhaps have been vacated under Sec. 4093 *et seq.* of the Code at a subsequent term. But this could not be done without notice to the other party. Without this notice, the court had no jurisdiction and its orders vacating the judgment were null and void.''

Unless we are to disregard the statute and overturn all our precedents upon this question and depart from the rule approved by all courts, the necessity of notice to the validity of an order of vacation such as we have here to consider must be recognized. Indeed, any other rule would be manifestly unjust. When final judgment has been entered in an action, the parties thereto ought to be at liberty to regard it as an end of the case and to be relieved from the apprehension of further proceedings therein save upon due notice. To so hold imposes hardship upon no one and affords a safeguard against undue advantage by one party over another.

II. Notice being necessary, we have then to ask whether any was had in this case. That no formal or written notice was served is admitted. Nor can we find any proper ground upon which we can say that the publication in the Daily Record of minutes of the several orders made in the case can be considered a substituted service which confers jurisdiction upon the court to vacate the judgment. It may be conceded, for the purposes of this case, that the court may, by an order or by a rule of practice, provide that parties who have been brought within its jurisdiction in the manner provided by statute must take notice of all intervening orders and proceedings as published in a designated public journal; but where jurisdiction has not been acquired, or having been once acquired is lost by the entry of a final judgment and the passing of the term at which the entry **was**

2. JUDGMENTS: vacation: jurisdictional notices required: substituted notice not recognized.

made, it can be obtained or re-acquired only in the manner prescribed by statute, or by the appearance of the party or by his waiver of notice. Here, as we have said, there was no service of notice or acceptance of service, and from the date of the judgment of dismissal, there was no appearance in behalf of the company. It is doubtless true that the counsel who appeared' and answered for the defendant prior to the dismissal were informed of the order vacating the judgment and of the re-assignment of the cause for trial, but this, under the repeated holdings of this court, was insufficient to the acquirement of jurisdiction over the defendant. *Owen v. Smith, supra; Perry v. Kaspar, supra; Bardes v. Hutchinson,* 113 Iowa 610; *Association v. Chase,* 118 Iowa 51; *Kwentsky v. Sirovy,* 142 Iowa 385.

In the *Owen* case, counsel for defendant were not only present when the order for vacation was entered, but also objected thereto at the time; yet we said, ''There is no presumption that they had any authority to appear at that stage of the proceedings. The case had been settled at a prior term and they had no implied authority to appear at a subsequent one. Indeed, formal notice to them of the application to vacate would not have been binding on their clients.'' Very respectable authorities may be cited holding otherwise on this proposition, but the recognized rule in the courts of this state is as above indicated.

III. In argument for the respondent, it is said that the order of dismissal was of itself void, and therefore the trial court never lost jurisdiction to expunge the record and set the cause for trial. This contention is based on the theory that the dismissal was ordered without due notice to the plaintiff in that action. It appears that, by a rule of the trial court, the judge thereof, ''whenever it is deemed advisable, upon ten days' notice published in the Daily Record, may call the law docket and upon any such call any cause which has been upon the docket for three con-

3. DISMISSAL AND NONSUIT: inherent power of court to enter: failure to prosecute: time: computation.

secutive terms and not noticed for trial may be assigned, continued or dismissed in the discretion of the judge.'' A notice of the call of the docket for June 20th and 21st, 1913, was in fact published in the Record of June 10th, and the call was made and the order of dismissal was entered on June 20th. The rule does not call for more than one publication, nor does it require ten clear days. Following the usual rule of excluding the first day and including the last, the required ten days' notice was given. In any event, even if ten clear days were required, the record would not present a case of no notice and the defect complained of would not be jurisdictional. The right and authority to dismiss an action for want of prosecution does not depend upon any rule of court. *Loos v. Cooper,* 141 Iowa 377. The judgment of dismissal was not void and it operated as a final disposition of that action until vacated upon due notice to the defendant.

Further discussion is unnecessary. We are united in the opinion that the court was without jurisdiction to consider the plaintiff's application for reinstatement of the action for trial. It is therefore ordered that the writ of certiorari be sustained and the order made by the trial court vacating the judgment of dismissal and the entry of damages against the defendant be and the same are hereby—*Annulled.*

DEEMER, C. J., EVANS and PRESTON, JJ., concur.