WESTERN FRUIT & CANDY COMPANY et al., Plaintiffs, v. M. F. DONEGAN, Judge, Defendant.

JUDGMENTS:  Vacation—Passing of Term—Notice of Proceeding to Vacate—Necessity.  Power to set aside final judgments, after the term at which rendered, must be exercised strictly in accord with statutory regulations. (Secs. 4091–4099, Code, 1897.)  Notice of the proceeding to set aside is jurisdictional.

PRINCIPLE APPLIED:  March 22d was the last day of the January term of court, and on said day a final judgment was entered against defendant. The *next day*, March 23d, was the first day of the March term, and on said March 23d, the same judge, on his own motion, though at the oral request of defendant, *but without notice to the judgment plaintiff*, entered an order setting aside and vacating the judgment entered the day preceding.  *Held*, court had no jurisdiction to enter said order.

*Certiorari to Scott District Court.*—HON. M. F. DONEGAN, Judge.

SATURDAY, OCTOBER 30, 1915.

THIS is an original certiorari proceeding brought in this court to test the validity of a certain order of the district court of Scott County.—*Judgment Annulled.*

*E. M. Sharon,* for plaintiffs.

*Isaac Petersberger,* for defendant.

EVANS, J.—The plaintiffs herein were plaintiffs in a certain suit pending in the district court of Scott County against Harry J. McFarland and Isaac Petersberger as defendants, and such defendants are made defendants also in this proceeding.

JUDGMENTS:
vacation:
passing of
term: notice of
proceeding to
vacate: necessity.

On March 22, 1915, being the last day of the term, a final judgment was entered for the plaintiffs against said defendants, the defendants being in default for want of answer. On the next day, being the first day of the *following term*, the same judge presiding, the court on its own motion set aside said judgment. The plaintiffs in this proceeding challenge the validity of such order on the ground that the court had no jurisdiction to enter it. No formal application to set the same aside was filed by the defendants; no formal showing of merits was made; no notice was given to the plaintiffs. The defendants, however, were present in person and made a verbal request to the court to set aside such judgment; but no statutory provision was complied with for the purpose of obtaining such order.

The case is ruled at all points by our holding in the recent case of *Des Moines Union Ry. Co. v. District Court of Polk County*, 170 Iowa 568. See also *Owen v. Smith*, 155 Iowa 463.

We must hold, therefore, that the court was without power, under the circumstances disclosed, to set aside such judgment.

It is therefore ordered that the writ issued herein be sustained and that the order of the district court setting aside plaintiffs' judgment be—*Annulled.*

DEEMER, C. J., WEAVER and PRESTON, JJ., concur.