Edith M. McCoy, Appellee, v. Fire Association of Philadelphia, Appellant.

**JUDGMENT:**  Default—**Nonjurisdiction to Set Aside.**  The court has no jurisdiction, after the passing of a term, to set aside a default judgment, though unsigned, on a motion filed after the term, even though the motion is equivalent to a petition, when the judgment plaintiff *is not brought into court* as to said motion in the manner required for the bringing of an original action, and *makes no appearance* to said motion.  (Secs. 3790, 4095, Code, 1897.)

*Appeal from Mahaska District Court.*—H. F. Wagner, Judge.

November 15, 1921.

Defendant appeals from a judgment overruling a motion to set aside a default and judgment, and for a new trial.— *Affirmed.*

*Thomas J. Bray,* for appellant.

*James A. Devitt,* for appellee.

Stevens, J.—Plaintiff brought an action against the defendant, to recover upon a policy of fire insurance. The defendant appeared in due time, and filed a motion for more specific statements, which was sustained. An amendment to the petition, and later a substituted petition, were filed by plaintiff. A motion to strike parts of the substituted petition, and for more specific statement, was filed by defendant. This motion was overruled, and on September 15, 1919, defendant was given five days within which to plead. No pleadings having been filed, the court, on September 26th, entered default and judgment against the defendant, and on the following day the term closed, and the court adjourned finally.

On October 4, 1919, which was during the succeeding term of court, the defendant filed a motion to set aside the judgment and default, and for a new trial. This motion was supported by an affidavit excusing the failure of counsel to plead, and also an affidavit of merits. The defendant, at the time of filing the motion, also filed an answer, setting up various defenses to the substituted petition.

The allegations of the motion, in substance, were that the defendant had a good defense to the cause of action alleged in the substituted petition; that same had not been assigned for trial; that neither the defendant, its agents, nor its attorneys were notified that it would be brought on for hearing at the September term; that no evidence was introduced by plaintiff, to sustain the allegations of the petition, although judgment could not be properly entered without proof; that defendant's counsel had been advised by the presiding judge that only causes assigned by agreement of parties would be tried at the session of the court at which judgment was entered; that counsel relied thereon, and did not know that plaintiff intended to

bring the cause on for hearing; that, at the time default and judgment were entered, counsel in sole charge of the defense was actually engaged in the trial of an important case in another county; that he misunderstood the time when answer to the substituted petition was due; that an answer was prepared and ready to be filed; that counsel intended to file same; that it was not, at the time, and had not been, prior thereto, the practice in Mahaska County for default to be entered after appearance by counsel, where pleadings had not been filed; that plaintiff's attorney knew that defendant intended to plead and make defense to plaintiff's cause of action; that the record, including the judgment entered, had not, at the time of the filing of the motion, been signed by the judge. The record shows that default and judgment were entered on September 26th, and that the term closed and court adjourned upon the 27th of September; so that the motion was filed at a succeeding term of court. The motion came on for hearing March 22, 1920, and was heard and overruled without any appearance by plaintiff, or by her attorney for her.

Section 3790 of the Code of 1897 prescribes the manner in which default may be set aside, as follows:

"Default may be set aside on such terms as to the court may seem just, among which must be that of pleading issuably and forthwith, but not unless an affidavit of merits is filed, and a reasonable excuse shown for having made such default, nor unless application therefor is made at the term in which default was entered, or if entered in vacation, then on the first day of the succeeding term."

This statute requires application to be made during the term at which default is entered, unless same is entered in vacation, in which event the same must be filed on the first day of the succeeding term. Code Section 4093 authorizes application to be made by motion, to correct mistakes or omissions of the clerk or irregularity in obtaining a judgment, but requires that the motion be served on the adverse party or his attorney; and if the vacation of a judgment or order is sought, because of irregularity in obtaining it, the motion must be filed on or before the second day of the succeeding term. The only other provisions for setting aside a default and for the vacation of

a judgment are those mentioned in Code Section 4094 and succeeding sections. Defendant's motion is not based upon Section 4093, but upon Section 3790.

Counsel for appellee takes the position that the court did not have jurisdiction to set aside the default and vacate the judgment, upon motion, after the term at which the same was entered, or to treat the same as a petition therefor, under the provisions of Section 4094, for the reason that no notice was served upon plaintiff as for the commencement of an original action. A notice which did not designate the term, time, or place of hearing was served upon plaintiff's attorney of record.

It is further contended by counsel for appellee that the service of notice upon the attorney of record is without validity, and in no sense binding upon the plaintiff. Counsel for appellant, however, asserts that, as the record was not signed by the judge until after the motion was filed at the October term of court, it should be treated the same as though filed during the term at which the default was entered. Section 242 of the Code requires the clerk, from time to time, to make a record of all proceedings of the court, which, when correct, shall be signed by the judge. This section is as follows:

"The clerk shall from time to time make a record of all proceedings of the court, which, when correct, shall be signed by the judge. When it is not practicable to have all the records prepared and signed during the term, they may be prepared in vacation and corrected and signed at the next succeeding term; but such delay shall not prevent an execution from issuing in the meantime, and all other proceedings may be had in the same manner as though the record had been signed. Entries authorized to be made in vacation shall be signed at the next term of the court."

The failure of the judge to sign the record does not delay or prevent the issuance of execution, and all other proceedings may be had in the same manner as though the record had been signed. This statute is directory only. *Vanfleet v. Phillips*, 11 Iowa 558; *Traer Bros. v. Whitman*, 56 Iowa 443; *Donnelly v. Smith*, 128 Iowa 257; *Reints v. Engle*, 130 Iowa 726.

The record was, in fact, signed by another judge, after the motion to vacate was filed. The approval of the record at any

succeeding term relates back to the time the entries were made, and is as effectual as though it had been signed at that time. *Vanfleet v. Phillips,* supra. Application to set aside a default, if made by motion, must be at the term at which judgment was entered; but if judgment is entered in vacation, the application may be filed on the first day of the succeeding term. If application is made after the term, it must be by a verified petition, and "the party shall be brought into court in the same way, on the same notice as to time, mode of service and return, and the pleadings, issues and form and manner of trial shall be governed by the same rules and conducted in the same manner, as nearly as may be, and with the same right of appeal, as in ordinary actions." Code Section 4095. *Des Moines U. R. Co. v. District Court,* 170 Iowa 568; *Western F. & C. Co. v. Donegan,* 172 Iowa 420; *McConkie v. Landt,* 126 Iowa 317; *Kwentsky v. Sirovy,* 142 Iowa 385; *Owen v. Smith,* 155 Iowa 463.

The notice served upon plaintiff's attorney of record did not designate the term, time, or place of hearing. The court, in *Des Moines U. R. Co. v. District Court,* supra, discussing this question, said:

"Authority of a court to vacate a judgment after the term at which it is rendered is statutory (Code, Title XX, Chapter 1); and to give the court jurisdiction, the party against whom the motion or application is made must be served with notice, after the manner of original notices for the commencement of an action (Code, Section 4095). Without such service of notice or its acceptance or waiver, or an appearance by the party entitled thereto, an order vacating such judgment is necessarily void. Even where the order of vacation of a final judgment is made at the same term, the same rule has been applied by this court."

Furthermore, service of notice upon the attorney after judgment does not take the place of service on the party, and does not confer jurisdiction upon the court. *Perry v. Kaspar,* 113 Iowa 268; *Des Moines U. R. Co. v. District Court,* supra; *Iowa Sav. & Loan Assn. v. Chase,* 118 Iowa 51; *Owen v. Smith,* supra; *Scott v. Scott,* 174 Iowa 740. So that, if the defendant's application be treated as a motion only, it was filed too late, and if it be treated as a petition filed after the term, in pursu-

ance of the provisions of Section 4091 *et seq.*, the notice was fatally defective, and the court did not obtain jurisdiction of the party in whose favor judgment was entered.

It is suggested by counsel that the court, in passing upon an application to set aside default and to vacate a judgment, exercises a large discretion. This is true, but it can exercise no discretion in matters of jurisdiction. Our attention is called to *Walker v. Freelove*, 79 Iowa 752. In that case, judgment was entered on the day court adjourned for the term; and the application to vacate, based upon Section 3154 of the Code of 1873, which corresponds with Section 4091 of the Code of 1897, was filed in vacation. There was an appearance by plaintiff, and a resistance to the application was filed.

The motion in *Barto v. Sioux City Elec. Co.*, 119 Iowa 179, to set aside default, was filed during the term. The showing made was held sufficient upon appeal. We know of no statute or decision of this court authorizing application to set aside default and to vacate a judgment to be made by motion after the term, other than Section 4093, which is clearly not applicable to the present proceeding. We see no escape from the conclusion that the judgment of the court below must be sustained.— *Affirmed.*

EVANS, C. J., ARTHUR and FAVILLE, JJ., concur.